### OREGONIAN RY. Co., Limited, *v.* OREGON RY. & NAV. Co.

(*Circuit Court, D. Oregon.*    April 20, 1885.)

SPECIFIC PERFORMANCE.

    A court of equity, as a rule, will not enforce the performance of a contract to construct or repair a railway.

(*Syllabus by the Court.*)

In Equity.

*H. H. Northup* and *John W. Whalley,* for plaintiff.

¹ Delay in publication caused by failure to obtain copy of opinion at time of its delivery.

*Charles B. Bellinger*, for defendant.

DEADY, J.   This is a bill for an injunction requiring the defendant, as lessee of the plaintiff's road, to complete the same, and put certain portions thereof in repair, and operate the same according to the covenants in the lease, or for the appointment of a receiver with authority to do such work at the expense of the defendant.

It appears from the bill that on August 1, 1881, the plaintiff being the owner of a railway in the Wallamet valley, commonly called the "Narrow-Gauge," leased the same to the defendant for the period of 96 years, at a rental of £28,000 a year, to be paid in half-yearly installments.   At the date of the lease 134 miles of the road were substantially constructed, and 31 other miles were being constructed.

By the terms of the lease the plaintiff was to finish the road, and put the same in good repair throughout, by January 1, 1882; but on October 1, 1881, the defendant, in consideration of the sum of $87,115, paid to it by the plaintiff, undertook to perform this covenant itself.

A covenant in the lease bound the defendant to maintain and operate the road, and keep it in good repair.   And upon the failure of the defendant to keep any covenant in the lease, the plaintiff may enter and take possession of the demised premises, and may have a receiver appointed, with such power and authority as may seem best calculated to secure the performance and observance of the obligations imposed by the lease on the lessee.

The bill alleges that the defendant has failed to finish the road according to its undertaking, and that since February 20, 1883, it has failed to keep the same in repair, and that the cost of making such repairs, including two bridges over the North and South Santiam rivers, to replace those carried away by floods, will amount to $108,450.

The defendant has also refused to pay the rent now falling due, and given notice of its intention to surrender the premises, and cease to operate the road, upon the ground that the lease is void for want of power in itself to enter into any such contract.

Pending the decision on the application for the injunction, the defendant has been required to operate the road, and is now doing so in pursuance of said direction.

The defendant demurred to the bill for want of equity, and because the plaintiff had an adequate remedy at law.

As a general rule a contract to build or repair will not be specifically enforced by a court of equity.   It is said that if one wont build another will; and if there is any loss sustained the remedy is at law, for damages. And this is especially so as to contracts like the covenant in the present lease, to repair during a period of many years.

The rule and the reason of it will be found stated and exemplified in the following cases, and particularly in the one from 1 Woolw., in which Mr. Justice MILLER has gone over the subject with his usual thoroughness and good sense:   *Ross* v. *Railway Co.*, 1 Woolw. 26; *Storer* v. *Railway Co.*, 21 Eng. Ch. 48; *Stuyvesant* v. *Mayor, etc.*, 11 Paige, 415; *Gibbs*

v. *David,* L. R. 20 Eq. 373; Fry, Spec. Perf. 36–40. But see *Pennsylvania Co.* v. *Railroad Co.*, 118 U. S. 305, 6 Sup. Ct. Rep. 1094.

The application for the injunction is denied.

An order for the appointment of a receiver will be made, giving him authority to operate the road, and apply the proceeds to the payment of current expenses and making repairs. And, if the plaintiff will ask for it, he may be authorized to borrow money on the security of the road, sufficient to put it in repair, and thereafter bring an action at law to recover the amount from the defendant.