### BOARD OF IMPROVEMENT *v.* McMANUS.

Decided March 21, 1891.

*Mandamus—Board of Improvement— Warrant.*

> A mandamus to a board of improvement to draw a warrant on its treasurer will be denied if there is no money in its treasury to pay it.

APPEAL from *Sebastian* Circuit Court, Fort Smith District.

JOHN S. LITTLE, Judge.

Petition for mandamus to require the board of improvement of sewer district No. 1 of the city of Fort Smith to

draw a warrant on its treasurer for the amount of a judgment against the board. The writ was granted, and the board appealed.

*Sandels & Warner* for appellant.

1. The action is improperly brought against the corporate body, and contrary to the statute so far as it affects the members of the board upon personal liability. Mansf. Dig., secs. 880, 882, etc; 17 Wall., 604.

2. The writ should not have been granted, because the judgment is for damages, payable out of the " improvement fund." This fund was exhausted. There were no funds on hand, and the revenues were pledged to borrow money. Mansf. Dig., secs. 882, 868, 865–6. The answer of *no funds* was sufficient. High Ext. Leg. Rem., sec. 352. The full limit had been levied, and no further levy could be made. Mansf. Dig., sec. 867 ; 30 Ark.; 435.

3. The appeal operated as a supersedeas. Mansf. Dig., sec. 6394 ; 29 Ark., 97.

The appellees *pro se.*

1. The writ was properly against appellant as a corporate body, and is not a personal action. 99 U. S., 624 ; 103 U. S., 480 ; 18 B. Mon. (Ky.), 9 ; 87 Ill., 190 ; 14 Am. & Eng. Enc. Law, 220 ; 42 Ark., 152 ; Mansf. Dig., sec. 895.

2. The appellees simply asked for a warrant, and this it was the duty of the board to give. " No funds " is no answer to a petition for mandamus to compel the issuance of a warrant. Mansf. Dig., sec. 865–6 ; 85 Am. Dec., 539; 22 How. (N. Y.), Pr., 71 ; 28 La. An., 132 ; *ib.*, 85, 47, 72 ; 35 Ohio St., 435 ; 65 Cal., 481.

3. An appeal does not stay proceedings unless a supersedeas issues. Mansf. Dig., secs. 1293–4; 29 Ark., 85.

HEMINGWAY, J. The only question before us is as to the sufficiency of an answer to a petition for mandamus. The petition alleged that the petitioner had a judgment against the board, and prayed that it be required to issue to him a warrant on its treasurer for the amount thereof; the

answer was in effect that there was no money in the treasury of the board, that all its possible. assessments for a state.l number of years to come had been pledged to other creditors, and that an assessment had been levied for the year next thereafter out of which its other debts would be paid. The answer was adjudged insufficient, and, the respondent declining to amend, the court ordered that it issue a warrant in accordance with the prayer of the petition. The respondent appealed.

As a general rule the writ will only be issued where the petitioner has a legal right, is entitled to a specific remedy to enforce it, and the officer whose duty it is to afford that remedy withholds it. Mansf. Dig., sec. 4569; Wood on Man., p. 27; *People v. C. & A. R. Co.,* 55 Ill., 95. Did the petition and answer disclose a right in the petitioner, for which the respondent was bound in law to afford a remedy which it withheld? In other words, did the law authorize the petitioner to demand, and require the respondent to issue, a warrant on an empty treasury? The statute contains no provision that warrants shall issue upon the allowance of all demands against boards of improvements, as it does with reference to allowances against the county. Mansf. Dig., sec. 1415. There is no express requirement that any warrant shall issue, but it is inferential from the provision that the treasurer shall pay out no money except upon a warrant. Mansf. Dig., sec. 865. This seems intended to promote an orderly administration of the affairs. of the board, and not to contemplate the issue of warrants for use by their holder in anticipation of funds to pay them, as is the case with county warrants. *Worthen* v. *Roots,* 34 Ark., 356. Board of improvement warrants are not receivable for its assessments, for the act expressly provides that assessments may be pledged by the board to borrow money. Mansf. Dig., sec. 872. The creditor of the board is entitled to a warrant only as a means to collect his claim, and whenever the court would be authorized to order the principal act of payment, it could order the issuance of the

warrant as an incident; but the court could not order payment in this case because such order could not be obeyed and would be unavailing, and, as the petitioner had no independent right to a warrant, the court should not have ordered one issued. *People* v. *Tremain,* 17 How. Pr., 142; *Commonwealth* v. *The Com'rs, etc.,* 6 Binn., 5; *Commonwealth* v. *Com'rs.,* 1 Whar., 1; *Clay Co.* v. *McAleer,* 115 U. S., 616.

It follows that the court erred in sustaining the demurrer to the answer, and that the judgment must be reversed, and the cause remanded with directions to overrule the demurrer.