LEONARD *v*. BOARD OF DIRECTORS OF PLUM BAYOU LEVEE

DISTRICT.

Opinion delivered May 7, 1906.

SPECIFIC PERFORMANCE—INABILITY TO ENFORCE REMEDY.—Equity will not decree specific performance of an executory contract to do ordinary work, as to build a levee, for the reason that there is no method by which its decree could be enforced.

Appeal from Jefferson Chancery Court; *John M. Elliott,* Chancellor; reversed.

STATEMENT BY THE COURT.

The General Assembly of 1905 enacted a statute establishing the Plum Bayou Levee District, embracing certain lands in Pulaski, Lonoke and Jefferson counties, for the purpose of constructing and maintaining a levee along the bank of the Arkansas River in said district. The statute in question authorized the board of directors to borrow money and to issue therefor bonds of the district in the sum of $300,000 to expend in constructing and maintaining the levee, which was done. The levee being incomplete after the expenditure of said sum, the board of directors entered into a contract with the defendant, R. L. Leonard, whereby the latter agreed to construct a certain portion of the levee, and to accept in payment of the agreed price for said work certificates of indebtedness to be issued to him by the board of directors due in one, two and three years respectively, all bearing

interest at seven per cent. per annum from date until paid. Defendant entered upon the performance of said contract, but subsequently abandoned the work, and refused to complete the contract on the grounds that the board of directors was without legal authority to issue such certificates.

The board of directors then commenced this suit in equity against the defendant, setting forth in the complaint the foregoing facts, and praying that he be enjoined from removing his teams from the work, and that he be compelled to accept said certificates, as agreed upon, and proceed with the work.

Defendant filed his answer, admitting the facts set forth in the complaint, but pleaded by way of defense that there was no legal authority for the issuance of the certificates.

The court sustained the demurrer to the answer, and rendered a decree in favor of plaintiff in accordance with the prayer of the complaint, and the defendant appealed to this court.

*Bridges & Wooldridge,* for appellant.

The general act prohibits the issuance of bonds, notes or other evidences of indebtedness. Kirby's Digest, § 4963. This prohibition is not repealed by the special act, unless there be some provision in the latter expressly or impliedly doing so. The two are to be construed together. 73 Ark. 541; 71 Ark. 137. By the terms of the special act, the directors "may do all other acts and things not inconsistent with the laws of this State." Acts 1905, p. 86, § 2. The general act therefore controls except where the special act makes contrary provisions. The special act authorizes the issuance of bonds to the extent of $300,000, but makes no provision for raising an additional amount for further expenditures, and the act pledges the whole revenue and resources of the district for the payment of this sum. Acts 1905, p. 104, § 26. All taxes authorizing additional burdens must be strictly construed. 59 Ark. 356; 71 Ark. 561. The courts can not construe statutes to subserve convenience or relieve from hardship. 59 Ark. 244. See also Endlich on Int. Stat. 4, 7, 8; 56 Ark. 110; 59 Ark. 243; 46 Ark. 159; 36 Ark. 330; 65 Ark. 532.

*White & Altheimer,* for appellee.

1. Plum Bayou Levee District, although created by an act of the Legislature, is in the same class with a private corporation. 59 Ark. 513. Corporations have such powers as are con-

ferred upon them by their articles of incorporation, and such implied powers as are necessary to carry out the purposes and objects of the powers expressly conferred by the articles of incorporation. Cook on Corp. (5 Ed.), § 3; 173 U. S. 111. Sec. 3 of the act defines the object and purposes of the levee district. Sec. 2 authorizes the directors to do all other acts and things, not inconsistent with the laws of the State, which may be proper to carry into effect the purposes and objects of the act. To carry out the express purposes of the act, it was necessary to borrow money. This it had a right to do. Cook on Corp. (5 Ed.), § 760. Sections 26 and 16 of the act, taken together, both expressly and impliedly confer upon the corporation the power to borrow such sums of money as become necessary to carry out the purposes for which it was incorporated. The act amendatory of the Plum Bayou District act, clearly shows that the bonds were merely intended to be fixed as a first lien, and that other debts were contemplated. Acts 1905, p. 296, § 1. If the act limits the general power of the corporation to borrowing the $300,000, still as the contract had been made and the debt incurred for the purpose of carrying out the object and intention of the act, the district was nevertheless liable for such sum as might be expended in excess of that sum, and the same would be a valid indebtedness against the district. 173 U. S. 11.

McCULLOCH, J., (after stating the facts.) The manifest object of this suit is to obtain a decision by this court of the question of the authority of the board of directors to issue certificates of indebtedness for the construction of the levee in excess of the authorized bond issue. Learned counsel on both sides waive all other questions in the case, and ask that we decide that one. They have failed, however, to present the question in appropriate proceedings. This suit is no more nor less than one to require of appellant the specific performance of his executory contract to construct the levee. The remedy at law is complete and adequate, and a court of equity is without jurisdiction of the subject-matter. Equity will not decree specific performance of an executory contract to do work, for the obvious reason that there is no method by which its decree could be enforced

The jurisdiction of equity will not be exercised to decree a specific performance, however inadequate may be the remedy

for damages, where the contract is of such a nature that obedience to the decree could not be compelled by the ordinary processes of the court.   An interesting and instructive discussion of this question may be found in the note to *Standard Fashion Co.* v. *Siegel-Cooper Co.,* 157 N. Y. 60, 68 Am. St. Rep. 753-762. where the authorities are collated.   This rule is applied to contracts for construction of buildings, etc., as well as to contracts for personal services.   See also 6 Pom. Eq. Jur. § § 759, 760, 761; *Tex. etc., Ry. Co.* v. *Marshall,* 136 U. S. 393.

Exceptional cases may be found where courts of equity will afford equivalent relief by enjoining the doing of any act inconsistent with performance of the contract, thus in a negative way enforcing specific performance.   This exception is found, however, in cases dealing with contracts of a special, unique or extraordinary nature, such as that of an actor or singer, which bear no analogy to a contract for constructing a levee.   There is nothing either extraordinary or unique about that sort of work, which does not involve personal service.

The complaint in this case states no cause of action, and a decision of the question as to the power of the board of directors to issue certificates of indebtedness would be mere *dictum.*

Reversed and dismissed.