Argued March 19, affirmed April 9, rehearing denied May 21, 1918.

## CARTWRIGHT *v.* OREGON ELECTRIC RY. CO.

### (171 Pac. 1055.)

**Specific Performance—Right to Remedy—Existence of Other Remedy.**

1. Where plaintiffs granted right of way in consideration of railway's agreement to build a dike which the railway failed to build as specified in the contract, plaintiffs were not entitled to specific performance, since they could have had another build the dike and could recover as damages the cost thereof.

> [As to specific performance of construction contract or contract to repair, see note in **Ann. Cas.** 1913A, 923.]

**Specific Performance—Retaining Jurisdiction—Damages.**

2. Where existence of adequate remedy at law precluded jurisdiction in court of equity of suit for specific performance, the question of damages prayed for in such suit could not be considered.

Department 2.

This is a suit to enforce the specific performance of a contract which is set out in full in the complaint. Its terms so far as they are of interest here are as follows:

"Whereas, the parties of the first part are the owners of certain lands lying in the William A. Forgey Donation Land Claim, lying in section sixteen (16) and twenty-one (21) in township fifteen (15) south of range four (4) west of the Willamette Meridian in Linn County, Oregon, and the said parties of the first part have this day sold and conveyed by deed bearing even date herewith, a right of way to the said party of the second part over and across the said lands, reference to which said deed is hereby made for greater particularity: and

"Whereas, it is the intention of the said party of the second part to build, construct and maintain over and along the said right of way so granted, an electric railway line and in constructing the same to excavate borrow pits along the said route upon the lands described in the said deed, for the purpose of building an embankment and elevating the grade of the said railway line above the natural surface of the said lands:

"Now therefore, in consideration of the said conveyance and in consideration of the sum of one dollar. ($1.00) receipt whereof is hereby acknowledged, paid by the said parties each to the other,

"It is agreed, that the said party of the second part shall and will build and construct a pile dike not less than 1120 feet in length, across the said right of way at a convenient place near the north bank of the Willamette River upon the lands of the parties of the first part, and fill the same with earth and stones in such a manner as to protect, as far as may be, the lands of the parties of the first part from the back flow of the waters of the Willamette River through the said borrow pits; and also build and construct a second pile

dike of not less than 160 feet long, at a convenient distance down stream and westerly from the first mentioned dike, and fill the same with brush and stones as a further protection to the lands of the parties of the first part from the · back flow of the waters of the Willamette River.

"The location of the said right of way, borrow pits and dikes are shown upon the blue print hereto attached and made a part of this contract.

"And the parties of the first part give and grant to the party of the second part the right and privilege of making use of said lands so far as may be necessary for the construction of said dikes. It is agreed that the party of the second part and its successors or assigns shall maintain the said dikes in a reasonably good and substantial manner and condition to accomplish its purposes above mentioned."

The complaint alleges that the agreement to construct the dikes mentioned was a part of the consideration to be paid by the railroad company for the land included in the right of way described in the deed; that defendant failed to construct all of the longer dike mentioned in the contract in that it did not extend it into the river as indicated on the blue-print referred to in the written agreement; and that it has failed and refused to construct any part of the shorter dike therein described. These averments are followed by detailed descriptions of the land, its value, and the injuries already suffered by the failure of defendant to fully perform its contract. The prayer also asks for a decree compelling defendant to extend the 1,120 foot dike 100 feet into the Willamette River, to construct the 160 foot dike extending into the river, requiring defendant to maintain said structures in a reasonable way, and a judgment in the sum of $10,000 for the damages already suffered.

After denying any failure to perform its contract the answer alleges that the Willamette River is a navigable stream under control of the U. S. Government Engineers; that after the execution of the contract and in obedience to statutory requirements it applied to the proper authorities for permission to extend the dikes into the river which was refused; that thereafter the U. S. Engineers outlined to defendant a plan which met their approval and which would permit the defendant to construct a dike along the bank on plaintiff's land so as to protect the bank and at the same time protect the channels of the river; that defendant in carrying out this plan constructed 1,591 feet of dike along the bank substantially complying with the contract; and that the building of the shorter dike was prevented by the refusal of the U. S. Engineers to grant a permit so to do. A second affirmative defense pleads the prior filing of an action at law between the same parties involving the same subject matter, which action is still pending.

A reply having been filed joining issue on the affirmative defenses a trial was had, resulting in a decree for defendant and plaintiff appeals.

AFFIRMED. REHEARING DENIED.

For appellants there was a brief over the names of *Mr. A. C. Woodcock* and *Messrs. Weatherford & Weatherford,* with oral arguments by *Mr. Woodcock* and *Mr. James K. Weatherford.*

For respondent there was a brief over the names of *Messrs. Carey & Kerr, Mr. Gale S. Hill* and *Mr. Omar C. Spencer,* with an oral argument by *Mr. Charles H. Carey.*

BENSON, J.—1. The substance of the whole case may be briefly stated thus: Plaintiff wants about 100

feet of the longer dike and about all of the shorter dike
to extend into the river in such a manner as to form
wing dams for deflecting the current toward the oppo-
site bank and also seeks a decree compelling the defend-
ant to perpetually maintain such structures. In addi-
tion to this he seeks damages for the injury wrought by
the failure to so construct them. Defendant insists
that plaintiff has not made a case calling for the inter-
position of a court of equity and we think that this
contention is fully sustained by the record and the au-
thorities. It is to be noted at the outset that while
the longer dike crosses the lands of defendant included
in the right of way, that portion of it which plaintiff
now seeks to have built and all of the shorter dike are
by the terms of the agreement to be constructed en-
tirely upon the lands of the plaintiff; and there is
nothing to prevent him from going ahead, completing
the wing dams and prosecuting an action at law for
damages which, so far as can be discovered from the
record before us, furnishes a complete remedy. An
eminent author says:

"The general rule has long been settled, after a
period of conflict and uncertainty in the early cases,
that contracts for building and construction, and con-
tracts to make repairs, will not be enforced *in specie*
on account of inconvenience in enforcing a decree by
the process of attachment for contempt, when nu-
merous questions must usually arise under the decree
in such a case as to whether there has been substan-
tial performance, whether defective performance may
be excused, what compensation should be made for the
deficiency, and the like. Moreover, if the building is
to be done on the plaintiff's land, the remedy at law
is usually adequate, since he may do the work himself
and sue at law for the cost": 6 Pomeroy's Equity
Jurisprudence, § 760.

In *Oregonian Ry. Co.* v. *Oregon R. & N. Co.,* 37 Fed. 733, DEADY, J., says:

"As a general rule a contract to build or repair will not be specifically enforced by a court of equity. It is said that if one won't build another will; and if there is any loss sustained the remedy is at law, for damages. And this is especially so as to contracts like the covenant in the present lease, to repair during a period of many years."

In the case of *Dove* v. *Com. Tit. Ins. Co.,* 6 Pa. Dist. 263, the court says:

"It appears to us that if there was any contractual relation between the Commonwealth Title Insurance and Trust Company and Dove, it was only for the completion of the houses, and if the company refused to complete the houses under any contract it made with Dove, there was a complete and adequate remedy at law, and equity cannot be invoked to compel specific performance of a contract on the part of the company to complete the houses. All that Dove had to do was to do the work claimed to be necessary to complete the houses and sue the company, whose responsibility is not questioned, upon its promise to pay for the work."

In *Leonard* v. *Board of Directors of Plum Bayou Levee Dist.,* 79 Ark. 42 (94 S. W. 922, 9 Ann. Cas. 159), the court says:

"This suit is no more nor less than one to require of appellant the specific performance of his executory contract to construct the levee. The remedy at law is complete and adequate, and a court of equity is without jurisdiction of the subject matter. Equity will not decree specific performance of an executory contract to do work, for the obvious reason that there is no method by which its decree could be enforced."

We might continue citing and quoting from a long line of authorities all to the same effect but do not deem it necessary. Our attention has not been called

to any cases which are inconsistent with the doctrine announced in the above quotations.

2. Since equity has no jurisdiction of the suit, the question of damages must be disposed of in like manner: *Oregon-Washington R. & N. Co.* v. *Reed,* 87 Or. 398 (169 Pac. 342).

The decree of the lower court is affirmed.

AFFIRMED. REHEARING DENIED.

MCBRIDE, C. J., MOORE and McCAMANT, JJ., concur.