FAULKNER LAKE DRAINAGE DISTRICT *v.* WILLIAMS.

Opinion delivered October 19, 1925.

DRAINS—MANDAMUS TO LEVY ON ASSESSED BENEFITS.—Both at common law and under Crawford & Moses' Digest, § 3620, mandamus will lie to compel the commissioners of a drainage district to levy and collect a sum out of the assessed and unused benefits of the property in the district sufficient to pay a judgment against the district.

Appeal from Pulaski Circuit Court, Second Division; *Richard M. Mann*, Judge; affirmed.

*Charles Jacobson* and *Rose, Hemingway, Cantrell & Loughborough,* for appellant.

*Coleman, Robinson, House & Riddick,* for appellee.

HUMPHREYS, J. This is an appeal from the judgment of the Circuit Court of Pulaski County rendered in a mandamus proceeding, compelling appellants to petition the county court to increase the levy, over a period of five years or more, on the assessments of benefits to the lands in the Faulkner Lake Drainage District, 2.3% for the purpose of paying a judgment in the sum of $11,040, which appellee obtained in said court against said district. The facts in the case are undisputed, and, briefly stated, are as follows: The assessment of benefits to lands in said district totaled, after being increased by the Legislature, $166,672.90. These assessments have been reduced $2,882.62 by reason of the forfeiture of certain lands in the district to the State for the non-payment of taxes, and $4,363.20 by lands taken from appellee in the construction of the improvement in the district, leaving a total balance of assessed benefits of $159,192.56, which bears 6 per cent. interest. In order to make the improvements in the district, two interest-bearing bond issues were made by the commissioners, one on November 1, 1916 for $75,000 bearing 5 per cent. interest, and the other on May 1, 1920, for $55,000 bearing 6 per cent. interest. These bonds were secured by a mortgage upon the total assessed benefits to the land in the district by the commissioners pursuant to the statute creating the

district. The bonds matured serially up to and including the year 1936, and those which have matured, together with the interest on both issues, have been paid out of the levy made, pursuant to law, on the assessments. After sufficient levy was made to pay the bonds and interest thereon, and the deductions for forfeited lands, and land taken in construction was made, it left a margin of $29,192.56 in assessed benefits. On June 26, 1920, appellee obtained a judgment against the district for $11,040 for damages resulting to her land in the construction of the improvement, and the purpose of this suit is to collect same by an additional levy upon the benefits covering a period of five years or more.

Appellants contend for a reversal of the judgment upon two grounds: first, that the circuit court was without jurisdiction to make the final order appealed from herein; and second, to order the commissioners to apply for a levy upon benefits which had been pledged to secure the bonded indebtedness.

(1) The circuit court is the proper forum in which to institute mandamus proceedings to compel the performance of ministerial acts. Mandamus is essentially a proceeding at law. In the instant case, however, authority for the institution of this suit in the circuit court is found in § 3620 of Crawford & Moses' Digest.

(2) It is true that the benefits sought to be reached by levy to liquidate appellee's judgment were pledged to secure the two bond issues, but there is a margin of about $29,000 of benefits, which is ample to take care of reasonable eventualities which may arise, and to pay appellee's judgment. It would indeed be a harsh rule that would tie up unused benefits for a long period of time, and thereby prevent creditors from collecting their just claims from an improvement district all because the commissioners happened to pledge more of them than necessary to secure money for constructing the improvements. In the instant case, a large part of the bonded indebtedness, including accrued interest, has been paid, and the levy which was made will be ample to pay the bal-

ance, leaving a surplus of benefits sufficient in amount to meet all reasonable eventualities and vicissitudes which may occur in the life of the district, and to pay appellee's judgment. Outside of a few forfeitures of land to the State and the expense of collecting the taxes, there cannot well be any further shrinkage of the benefits. The sound rule is to require an improvement district to pay all its debts, secured and unsecured, if the assessed benefits are amply sufficient to do so.

For the reasons assigned, the judgment is affirmed.