PAVING IMPROVEMENT DISTRICT No. 105 OF PINE BLUFF
v. WRIGHT.

Opinion delivered May 26, 1930.

C. B. *Thweatt* and *Coleman & Gantt,* for appellant.

*Rowell & Alexander,* for appellee.

Mehaffy, J.    The city council of the city of Pine Bluff created an improvement district for the purpose of improving Fifth Avenue and Ohio Street in said city. The commissioners for said improvement district are J. F. Hilton, Dr. O. W. Clark and J. F. Rutherford.    On November 20, 1929, the district through its commissioners entered into a contract with Chris L. Wright as engineer for said district.    Section 7 of said contract is as follows: "If, because of the second party's instructions, permission or neglect at any time, it shall appear that the work of the improvement is not being carried out according to the plans and specifications, the State Highway Commission shall have the right to terminate this contract."    The commissioners of the improvement district thereafter discharged the engineer, and he thereupon began this action in the Jefferson Chancery Court for a mandatory injunction to restore him as engineer, and to require the commissioners to perform said contract. Appellee prayed that, if the relief above asked could not be granted, he be given judgment against the district, and that commissioners be ordered to pay same out of the first money coming into their hands.    He also prayed, if the relief above asked could not be granted, that he be given judgment against the commissioners individually.    Appellants filed demurrer, motion to strike and answer.    Numbers of witnesses testified, and the evidence is voluminous.    Much of the evidence is as to the improper conduct and management of the parties.    It would serve no useful purpose to set it out because the only question for us to determine is, did the commissioners have the right to discharge the engineer?    If they had that right under the law, they could exercise such right, and their motives would be immaterial.    After the hearing by the court a permanent injunction was issued, and the district and

commissioners have appealed. Appellee calls attention to the case of *Philpot* v. *Taylor,* 179 Ark. 356. The court in that case held that a contract let to a contractor who was a business partner of the engineer of the district was against public policy. The contract was also held to be against public policy and void for other reasons, but that case has no application here. Appellee earnestly contends, however, that the 7th section of the contract quoted above deprives the commissioners of the right to discharge the engineer. The law (Acts Sp. Sess. 1928, No. 8), provides that the commissioners of the improvement district shall employ the engineer, and not the State Highway Commission. It provides, however, that they shall select an engineer who is acceptable to the State Highway Commission. This provision was evidently put in the act because the State Highway Commission was to pay part of the cost of improvement. It is reasonable, if the Highway Commission is to pay part of the cost of the improvement, that the engineer in charge of the work should be acceptable to it. It did not either under the law or the contract have anything to do with the election of the engineer. The commissioners of the improvement district elected the engineer. The law gives the State Highway Commission no power to elect or discharge the engineer. The right of the State Highway Commission to discharge the engineer is given in the contract entered into between the commissioners and the engineer, and that gives the right to discharge for the things mentioned in the contract. There might be other things besides those mentioned in section 7 of the contract that would make the services of an engineer unsatisfactory and make his discharge necessary, and no one would contend that the State Highway Commission could discharge him except for the causes mentioned in the contract. The contract is not with the State Highway Commission. It simply approved the selection of the engineer. It probably would not have approved the selection of the engineer if the commissioners of the improvement district

had not given it the right to discharge for the causes mentioned. The law imposes certain duties on the commissioners which they must perform. They are required under the law to control the construction of the improvement. They are prohibited from being interested in any contract they may make as commissioners, and there are other provisions prescribing their duties and liabilities. They cannot make a valid contract where they are interested, and they cannot make a valid contract depriving themselves of the right to discharge an employee or to relieve themselves from the performance of any duty. 6 R. C. L. 743; *Bryant Lumber Co.* v. *Fourche River Lumber Co.,* 124 Ark. 313. This court has decided that the authority of appointment and removal is in the board of commissioners. *Seitz* v. *Merriwether,* 114 Ark. 289.

The commissioners of the improvement district in this case have the same right to employ an engineer as in other cases. The only additional requirement is that the engineer selected shall be acceptable to the State Highway Commission. They also have the right to discharge, but they have by their contract with the engineer given the State Highway Commission the right to discharge for certain causes. The commissioners of the improvement district may discharge, not only for the causes mentioned in the contract, but for other causes also. This is a suit to compel the specific performance of the contract employing appellee as engineer, and the remedy at law is complete and adequate, and for that reason a court of equity has no jurisdictions. *Leonard* v. *Board of Directors,* 79 Ark. 42; 32 C. J. 199; *Ryan* v. *Reddington,* 87 Atl. 285; Lewis & Spelling on Injunctions 500; *Chapman & Dewey L. Co.* v. *Bd. of Imp. Dist.,* 127 Ark. 318; *Pharr* v. *Knox,* 145 Ark. 4.

Holding as we do that the commissioners of the improvement district had the right to discharge appellee, it is unnecessary to consider the other questions discussed by counsel. The decree of the chancery court is reversed,

and the cause remanded with directions to dismiss the complaint.

HART, C. J., HUMPHREYS and BUTLER, JJ., dissent.