BINGHAM *v.* McGEHEE.

Opinion delivered May 2, 1932.

*Starbird & Starbird,* for appellant.
*John Mayes* and *G. L. Grant,* for appellee.

HART, C. J. Petition for mandamus against a county superintendent of schools to require him to countersign a school warrant under the provisions of an act of the Legislature of 1931. The defense to the suit was that the warrant was illegally issued. The writ was granted, and the county superintendent has appealed. As defined by our statute and construed by this court, mandamus will issue whenever the refusal or failure of an officer to act in a matter, in which it is his plain duty to act, may deprive one of his legal rights. Crawford & Moses' Digest, § 7021. *Maddox* v. *Neal,* 45 Ark. 121; *Snapp* v. *Coffman,* 145 Ark. 1, 223 S. W. 360; *Arkansas State Highway Commission* v. *Otis & Company,* 182 Ark. 242, 31 S. W. (2d) 427. As a general rule, the writ will only be issued where the petitioner has a legal right, is entitled to a specific remedy to enforce it, and the officer whose duty it is to afford that remedy withholds it. *Board of Improvement* v. *McManus,* 54 Ark. 446, 15 S. W. 897.

In *Shackleford* v. *Thomas,* 182 Ark. 797, 32 S. W. (2d) 810, the court again said that mandamus only lies to compel an officer to do that which it is his duty to do without it, and cannot be used to compel the performance of that which is not lawful. The Legislature of 1931 passed a very comprehensive act for the organization and administration of the public common schools. Acts of 1931, page 476. Section 141 provides that the board of directors of each school district are authorized to draw warrants on the county treasury for all funds to be disbursed by them, and that such warrants be countersigned by the county superintendent. The warrant in question in this case was in regular form and signed by the president and secretary of the school board. It was for $100 for legal services to appellee, and was presented by him to the county superintendent to be countersigned. The latter refused to countersign the warrant, and it is the claim of appellee that there was an absolute duty on him to countersign the warrant, and

in its performance the county superintendent had no discretion. We do not agree with this contention under the facts shown by the record.

On the first day of October, 1931, a resolution was adopted by the board of directors to hire a lawyer to prevent the school district from being consolidated with another school district in Crawford County. There were six directors, and all of them but one attended the meeting. The remaining director admits that he was given notice to attend it. The resolution as adopted does not state what lawyer was to be employed, nor what his fee should be. On the 10th of October, 1931, the election for the consolidation was held. On the 16th day of October, 1931, the president and secretary of the board signed a warrant for $100 in favor of appellee and delivered it to him. There was no other meeting of the board after October 1st, and no further direction was given about the issuance of the warrant except that contained in the resolution referred to above. According to the testimony of appellee, he performed some services in the way of investigating the law before the election was held and before he was employed. He admits that he was employed on the 16th day of October, 1931, when the warrant was delivered to him. He had not been paid for his services, and does not remember which one of the directors employed him. He recollects that several members of the board came to his office about the matter at different times, but does not remember their names. There is nothing in the record tending to show that all of them went to his office and ratified the power given to employ a lawyer to represent the district at the special meeting held on October 1, 1931.

As we have already seen, mandamus cannot be used to establish a right, but may be used to enforce a right after it is once established. The resolution which was adopted by the board on October 1, 1931, did not authorize the president and secretary to employ a lawyer and to pay him a stipulated sum. Hence the president and secretary and such other members as co-operated with

them individually did not have authority to hire appellee and issue a warrant to him for $100. That could only be done at either a regular or called meeting of the board. The want of authority in the premises cannot be supplied by any attempted ratification by only a part of the directors.

If the issuance of the warrant was illegal because not done in a manner prescribed by law, the writ of mandamus could not be had to compel the county superintendent to countersign the contract. His action under the facts proved was not arbitrary. It follows that the court erred in granting the writ of mandamus, and for that error the judgment must be reversed, and the cause remanded for further proceedings according to law and not inconsistent with this opinion. It is so ordered.