HIGGINS *v.* BARNHILL.

4-9408                                    236 S. W. 2d 1011

Opinion delivered March 5, 1951.

*Rhine & Rhine* and *Cecil Grooms,* for appellant.

*Kirsch & Cathey,* for appellee.

ROBINSON, J.  In the Greene County preferential primary held on July 25, 1950, there were 7 candidates for the office of County Judge.  Harvey Farrell received 2,083 votes, J. Moss Payne, 1,257 votes, and Ray Higgins, the appellant, 1,251 votes.  Prior to the general primary election held in August, Payne withdrew from the race and requested George Barnhill, Chairman of the County Democratic Central Committee, to leave his name off the ballot at the general primary election.  Barnhill conferred with Harvey McLerkin, Secretary of the Committee, and they complied with Payne's written request and did not place his name on the ballot for the next primary election.

Just as soon as appellant, Ray Higgins, learned that Payne had withdrawn from the race, he requested that his name be placed on the ballot.  This request was refused and Higgins filed a Petition for a Writ of Mandamus in the Chancery Court to compel the Committee to place his name on the general primary ballot.  The court denied the Writ and Higgins has appealed.

As to the jurisdiction of the Chancery Court, § 33-101, Ark. Stats., provides:  "The Circuit and Chancery Court shall have power to hear and determine Petitions for the writ of mandamus and prohibition, and to issue such

writs to all inferior courts, tribunals, and officers in their respective jurisdictions.''

If appellant was entitled to have his name placed on the ballot, and the Chairman and Secretary of the County Democratic Central Committee refused to have his name printed thereon, then the Chairman and Secretary would be refusing to perform a ministerial duty, and could be compelled by mandamus from the Chancery Court to carry out such duty. This point was decided in the case of *Irby* v. *Barrett,* 204 Ark. 682, 163 S. W. 2d 512, appealed from the Pulaski Chancery Court, wherein Mr. Justice SMITH, speaking for the Court, said: ''We conclude, therefore, that the Chairman and Secretary of the State Committee exceeded their power in refusing to perform the ministerial duty of certifying Petitioner as one who had complied with the laws of the State, and the rules of the party as he admittedly has done. The Decree of the court below will, therefore, be reversed, and the cause will be remanded with directions to award the Writ of Mandamus.''

The question presented here is not moot because, if we fail to pass on the issue for the reason that at this late date the decision of this Court could avail the appellant nothing, it is possible that, by reason of the time element involved between the two primary elections and the time necessary to perfect an appeal to this Court, the point involved could never be decided before becoming moot.

This Court has said: ''The question presented is one which may arise at any election hereafter held where ministerial officers usurp a judicial function. There is here a question of practical importance and of great public interest, and if not now decided, some other candidate may be deprived of the right to run for a public office, and his right to do so may become a moot question before it could be decided, on account of unavoidable delay in the law.'' *Carroll* v. *Schneider,* 211 Ark. 538, 201 S. W. 2d 221.

Likewise, in the case at bar, we have a question that may arise at any future election and a decision could not

be obtained until the question had become moot. We, therefore, proceed to pass on the principal issue involved.

The Chairman and Secretary of the Committee were not in error in refusing to place appellant's name on the ballot. Section 3-211, Ark. Stats., provides:

". . . If no candidate receives a majority of votes cast for an office at the preferential primary election, the names of the two candidates who received the highest number of votes for an office, or position, shall be printed upon the ballots at the general primary election."

In the case of *Bohlinger* v. *Christian*, 189 Ark. 839, 75 S. W. 2d 230, a somewhat similar situation existed. There, two representatives were to be elected. Bohlinger was third man as to the number of votes received, and he claimed he was the rightful nominee instead of one of the others who had received a greater number of votes for the reason that such other person was not qualified to hold the office. This Court held that even though one of the others might be disqualified, still, such disqualification would not inure to the benefit of Bohlinger, because he had not received enough votes to nominate him, regardless of any other circumstances.

In order to hold that the third man is entitled to have his name placed on the ballot when for some reason the first or second name does not appear thereon, we would have to read into the Statute something that is not there. If the Legislature had intended that the third man's name could be placed on the ballot in such circumstances, it would in all probability, have so provided in the Act. In fact, an Act was introduced to accomplish this very thing, but did not pass. It died on the calendar—H. B. 97 (1945). The Statute makes no provision whatever for the name of anyone being placed on the ballot at the general primary election except the names of the two who received the highest number of votes cast for that office at the preferential primary. If it were otherwise, neither of the two leading candidates would ever know for certain who his opponent would be until the ballots were actually printed. This may be the reason the Legislature let H. B. 97 (1945) die on the calendar, but, regardless of the rea-

son, the Legislature certainly had the matter under consideration, and made no change in the law.*
    Affirmed.

---

* In the autumn 1944 issue of the Arkansas Historical Quarterly, it is said: "When a winner of a plurality or a runner-up in the first primary withdraws prior to the second race the ballot in the run-off includes only the name of the single remaining aspirant. Having no opponent, this candidate polls all votes cast in the second primary. . . . Amendment 29 requires majority nominations in direct primaries. The current enabling Statute, Act 238 of 1943, on the other hand, expressly states that 'the names of the *two* candidates who receive the highest number of votes for an office, or position, shall be printed upon the ballots at the general (run-off) primary election.' This provision denies a place on the second primary ballot to the candidate running third in the first primary, even when the winner or the runner-up, or the winner and the runner-up, withdraw."