HALL *v.* MILHAM.

5-779                                        284 S. W. 2d 108

Opinion delivered November 28, 1955.

*Kenneth C. Coffelt,* for appellant.

*McDaniel & Crow,* for appellee.

LEE SEAMSTER, Chief Justice. Appellee, S. P. Milham, instituted ejectment proceedings in Saline Circuit Court against appellants, Dewey Hall and wife, Ocie

Hall, for possession of a house and about 20 acres of land in Saline County, Arkansas. Further, the appellee sought judgment against appellants in the sum of $3,500, for an alleged indebtedness. The appellee later amended the original complaint and sought judgment for rent of said property at the rate of $75 per month, from the date of notice to appellants to vacate the property, until possession is restored to appellee.

Appellants answered with a general denial and filed a cross-complaint, seeking specific performance on an alleged oral contract with appellee, whereby, the appellee purportedly agreed to execute and deliver to appellants, a deed to the 20 acres of land, in return for appellants' promise to live with him and care for him the rest of his life. In the alternative, appellants sought judgment against appellee, in the sum of $5,000, which represented the sum expended by them to repair and remodel the appellee's home. Thereafter, on appellants' motion, the cause was transferred to equity.

The cause was tried on October 7, 1954, at which time the Chancellor took the matter under advisement and rendered a decree on December 31, 1954. The trial court dismissed the appellants' cross-complaint for want of equity and because appellants did not pay certain court costs. The court decreed that appellee should receive judgment against appellants in the sum of $50 a month, for the occupancy and use of the dwelling house by the appellants, from the date of notice to appellants to vacate the property, until possession is restored to appellee. Judgment was also rendered against appellants, in the sum of $15 per month, for rental of a block house which is located on appellee's property. This appeal follows.

The appellants have listed three points for reversal, they are: (1) the Chancellor's decree is against the preponderance of the evidence, in his holding that appellee did not agree to deed his property to appellants for valid consideration, and in his holding that appellee should not be required to perform the agreement; (2) the Chancellor erred in his failing in the alternative to award judgment against appellee and in favor of appellants for the

amount of money appellants spent in repairing the appellee's property; and, (3) the Chancellor erred in directing that appellee recover rental on the property, for the reasons set forth in Nos. 1 and 2 of these points, and for the further reason that the care the appellants gave appellee would more than offset any rental for their use of the property.

Appellee, S. P. Milham, is a 78-year-old, unmarried bachelor, who has resided near Benton, Arkansas, all of his life. He is the uncle of Dewey Hall, one of the appellants herein. For a number of years, the appellants lived in Homer, Louisiana, where Dewey Hall carried on the trade of a master plumber. According to the testimony of the appellants, the appellee had lived alone most of his life and since he was getting old he felt the need of someone to live with him and care for him the remainder of his life. Consequently, in the early part of 1952, the appellants sold their home in Homer, Louisiana, and went to live with appellee under an oral agreement that the latter was to deed to the appellants the house and 20 acres of land in consideration of the care and attention to be bestowed upon the appellee during his lifetime. Further, the appellants contend that appellee also agreed to will them all of his real estate holdings, as well as personal effects. The appellants contend that they occupied the appellee's premises pursuant to that agreement; spent about $5,000 of their own money in repairing and remodeling the house; fed appellee and took care of him until June, 1953, at which time appellee instituted this suit and moved out of his house. There was other testimony from disinterested witnesses that tended to corroborate the testimony of the appellants.

This testimony was stoutly denied by the appellee, who testified that he allowed appellants to move into his house, under an agreement that they could remain there until they built their own house. He maintained that this arrangement was only temporary and appellants agreed to board him, do his laundry, and pay the utility bills in lieu of rent. Appellee testified that he did not obligate himself or promise to convey the lands in question to the

appellants in consideration for appellants' promise to live with him and care for him, but rather, he told them that he would will them his property at his death, and thereafter did make a will to that effect. He contends that appellants are indebted to him in the sum of $3,500, less any sums expended by appellants for repairs to his house.

There is a decided conflict in the testimony as to whether appellee was forced to leave his home on account of intolerable treatment by the appellants, Dewey and Ocie Hall. It is true that appellants testified that an oral contract was entered into for their personal services in consideration for an immediate delivery, by appellee, of a deed to the 20 acres of land; but the evidence reveals that this purported agreement was never carried out since appellee has never delivered a deed to the appellants. There were no witnesses to his purported agreement. However, there is sufficient evidence to show that appellee agreed to will the appellants all of his property, in return for their promise to live with him and care for him the rest of his life.

The validity of an oral contract to make a will has long been recognized and such contracts have often been enforced by the courts. As in other contracts, a promise to make a will cannot be enforced without consideration. In the instant case, the appellants, in consideration for the promise of the appellee to will them his property, have agreed to render personal services or perform acts in the future. In other words, the agreement to make a will is supported by a prospective rather than a past consideration. We have often held that equity will not decree specific performance of an executory contract to perform personal services, for the obvious reason that there is no method by which its decree could be enforced. The jurisdiction of equity will not be exercised to decree a specific performance, however inadequate may be the remedy for damages, where the contract is of such a nature that obedience to the decree could not be compelled by the ordinary processes of the court. See *Leonard* v. *Board of Directors of Plum Bayou Levee District*, 79 Ark. 42, 94 S. W. 922; *Nakdimen* v. *Atkinson Imp. Co.*,

149 Ark. 448, 233 S. W. 694. The trial court was correct in refusing specific performance in this instance.

We think the trial court erred in dismissing the cross-complaint of the appellants and in rendering judgment against them for $65 a month rent. By reason of the agreement between the parties, the appellants sold their home in Homer, Louisiana, and moved into the home of appellee; fed and carried forth their part of the agreement for 14 months; expended considerable money and labor in improving the appellee's property, with the expectation that the property would eventually be theirs. The appellee voluntarily left his home, at the end of 14 months and made it impossible for the appellants to care for him. At this time, he changed his will leaving the property to other persons and instituted this suit.

The appellants have expended the sum of $2,800, in material and labor for improvement of appellee's property, for which they have not been reimbursed. They are entitled to a judgment against appellee for this amount. *Ross* v. *Springstun,* 219 Ark. 228, 242 S. W. 2d 116; *Walker* v. *Eller,* 178 Ark. 183, 10 S. W. 2d 14.

Judgment is rendered in favor of appellants against the appellee, in the sum of $2,800. The appellee will have 60 days after the filing and recording of the mandate in which to pay said amount. The appellants will be required to vacate the premises within 10 days, after payment of the judgment by the appellee. Should appellee fail to pay said judgment within the time allowed, the premises will be ordered sold to satisfy the judgment.

The decree dismissing appellant's cross-complaint and the judgment for rent against appellants, are reversed and the case is remanded with direction to enter a decree not inconsistent with this opinion. The cost of both courts shall be borne by the appellee.

Reversed and remanded.