Harold NETHERCUTT and Charles T. PAYNE v. PULASKI COUNTY SPECIAL SCHOOL DISTRICT

5-5174                                            450 S. W. 2d 777

Opinion delivered February 23, 1970

*Warren & Bullion,* for appellants.

*Terral, Rawlings, Matthews & Purtle,* for appellee.

FRANK HOLT, Justice. The appellants are public school teachers whose individual contracts were not renewed by appellee for the academic year 1969-70. Appellants alleged in their consolidated and amended complaints that they had invested many years of work and training, together with large sums of money, qualifying themselves "to pursue the teaching profession;" that their right to pursue their profession is "a valuable property right;" that if their teaching careers are terminated, each would be ineligible to continue membership in the Teachers Retirement System in which they have a direct monetary value; that each of them suffered damages because "he suffered a loss of seniority" in his professional career which affects a teacher's salary scale; that their "image as a career teacher is disrupted and destroyed;" that the manner in which their teaching contracts were not renewed for the school year 1969-70 caused them injury and damage because "there is an implied inference of incompetence and inability to fill professional requirements;" that appellee's written administrative policies regarding teacher tenure

were a part of their teaching contracts; that the appellee "arbitrarily and capriciously terminated [their] contract[s] * * * based upon vague grounds that [their] services have been inefficient and incompetent;" that "at no time has the defendant through its Board or its superintendent notified plaintiff[s] of any acts of inefficiency or any acts of incompetency;" and further that appellants' contracts were "terminated for political reasons and the fact that [they were] the Superintendent's appointee[s]."

The appellants sought a mandatory injunction directing and requiring the appellee to execute and deliver to each of them a teacher's contract for the teaching year 1969-70. As a part and parcel of that relief, the appellants asked for an injunction to enjoin and restrain the appellee from terminating their contracts except for just cause and only after a constitutional notice and hearing as required by due process; also, a declaratory judgment that the administrative policies of the appellee Board be made a part of their teaching contracts and that appellants be declared employees of the appellee district; and lastly, that a writ of mandamus be issued restoring appellants to their teaching positions as appellee's employees and ordering appellee to pay their salaries pursuant to their contracts with the appellee.

The appellee responded by filing a demurrer asserting, *inter alia,* that the chancery court does not have jurisdiction of the matters alleged in the complaint and that the appellants have an adequate remedy at law. When the appellants refused to plead further, the court sustained appellee's demurrer and dismissed appellants' amended and consolidated complaints. From that order of dismissal comes this appeal.

The appellants first contend that the court had jurisdiction of this action. Appellants argue that the relief sought is traditionally one of equity and that the power of a court of equity to issue a writ of mandamus is without question. The appellants cite and rely upon

Ark. Stat. Ann. § 33-101 (Repl. 1962):

> "The Circuit and Chancery Court shall have power to hear and determine petitions for writ of mandamus and prohibition, and to issue such writs to all inferior courts, tribunals and officers in their respective jurisdictions." [Acts 1939, No. 54, § 1, p. 117]

However, the appellee contends that the chancery court has no jurisdiction in this matter because this statute contravenes our state constitutional provisions. It appears this is the first time that we have been asked to focus our attention upon the constitutionality of this statute. We must agree that the provision of this act, with respect to the jurisdiction of the chancery court in the case at bar, is in violation of Article 7, §§ 11 and 15 of our Constitution. Section 11 provides:

> "The circuit court shall have jurisdiction in all civil and criminal cases the exclusive jurisdiction of which may not be vested in some other court provided by this Constitution."

The writ of mandamus is a common law writ and a remedy at law which was unknown to equity procedure. 34 Am. Jur., Mandamus, §§ 4 and 6. We have said that mandamus is designed to enforce legal rights and is essentially a procedure at law. *Faulkner Lake Drainage Dist.* v. *Williams,* 169 Ark. 592, 276 S. W. 604 (1925); *Arkansas State Highway Comm'n* v. *Otis & Company,* 182 Ark. 242, 31 S. W. 2d 427 (1930); *Bingham* v. *McGehee,* 185 Ark. 707, 49 S. W. 2d 358 (1932;) *Barney* v. *Texarkana,* 185 Ark. 1123, 51 S. W. 2d 509 (1932).

By § 15, *supra,* the legislature was given the authority to create courts of chancery and to vest them only with jurisdiction in matters of equity. This means such jurisdiction as was properly exercised by a court of chancery when our Constitution was adopted in 1874. *German National Bank* v. *Moore,* 116 Ark. 490,

173 S. W. 401 (1915); *Patterson* v. *McKay,* 199 Ark. 140, 134 S. W. 2d 543 (1939). The legislature can neither enlarge nor diminish the jurisdiction of chancery courts and any attempt to do so is unconstitutional. *Marvel* v. *State Ex Rel. Morrow,* 127 Ark. 595, 193 S. W. 259 (1917). It follows, therefore, that jurisdiction of writs of mandamus, being traditionally common law writs, is restricted to and vested solely in our circuit or law courts. See concurring opinion *Ft. Smith Special School Dist.* v. *Lynch,* 242 Ark. 385, 413 S. W. 2d 880 (1967).

Obviously, it is the thrust of appellants' complaints that by mandamus appellee be compelled to renew appellants' teaching contracts and to pay them according to the contractual terms for the ensuing school year. We hold that such an action is not cognizable in equity. We also hold that our former decisions, *Higgins* v. *Barnhill,* 218 Ark. 466, 236 S. W. 2d 1011 (1951), and any similar cases are necessarily overruled to the extent there is any conflict with this opinion. As previously indicated, it appears that the constitutionality of this statute [Ark. Stat. Ann. § 33-101 (repl. 1962)] was not discussed in our previous cases.

Furthermore, it is well settled that equity takes no jurisdiction to enforce an executory contract for personal services since the remedy at law is adequate. *Paving Imp. Dist. No. 105 of Pine Bluff* v. *Wright,* 181 Ark. 919, 28 S. W. 2d 1062 (1930); *Hall* v. *Milham,* 225 Ark. 597, 284 S. W. 108 (1955); and 49 Am. Jur., Specific Performance, § 137.

Since the chancery court had no jurisdiction, it becomes unnecessary to discuss appellants' other contentions.

Affirmed without prejudice to the appellants to pursue any remedies they may have in a court of law.