PER CURIAM.
The Howells made improvements to a house belonging to Mrs. Howell’s uncle, C.B. Warner (now deceased), with Mr. Warner’s knowledge and with the Howells expectation that it would be conveyed to them upon his death.
The Howells reasonable expectation, though unenforceable, was based upon communications and actions of Mr. Warner, prior to commencement of the remodeling, including Mr. Warner’s act of exhibiting to the Howells and others his last will and testament containing a provision leaving the home to Mrs. Howell. When Warner died leaving a last will and testament which did not include a devise of the property as *411 expected, the Howells filed suit seeking recovery for the improvements to real property they had made. The trial court, acting within its equitable jurisdiction, permitted recovery for the improvements less the reasonable rental value of the property for the years the Howells lived in the house rent-free. Considering the manner in which this case was plead and presented to the trial court, we find that the court made a sound and equitable disposition of the case. King’s Heirs v. Thompson, 9 Pet. 204, 9 L.Ed. 102 (1835); Howie v. Baker, 232 Miss. 661, 100 So.2d 113 (1958); and Hall v. Milham, 225 Ark. 597, 284 S.W.2d 108 (1955).
AFFIRMED.
SMITH, ZEHMER and BARFIELD, JJ., concur.