GREEN *v.* SHELL.

5-3684                                    397 S. W. 2d 363.

Opinion delivered December 20, 1965.

[Rehearing denied January 24, 1966.]

*J. B. Milham* and *Gladys M. Wied,* Benton, for appellant.

*Hall, Purcell & Boswell* and *Fred Briner,* Benton, for appellee; *Wright, Lindsey & Jennings,* Little Rock, *Amicus Curiae.*

FRANK HOLT, Associate Justice. This is an action by a taxpayer, the appellant, to cancel a written contract for the appraisal of the real and personal property in Saline County and, further, to enjoin the county officials from using the appraisals as an aid in the performance of their duties. The appellant brings this appeal from an adverse decree and contends for reversal that the chancellor erred in holding the contract to be valid.

The appraisal contract in question was entered into pursuant to the provisions of Act 351 of 1949 [Ark. Stat. Ann. § 84-468 et seq (Repl. 1960)]. By the terms of this contract a professional appraiser was employed with the approval of the county judge and others as required by the statute. The Act in question authorizing the employment and payment of professional appraisers to aid

the assessor in the assessment of property is constitutional. *Strawn* v. *Campbell*, 226 Ark. 449, 291 S. W. 2d 508. See, also, *Latham* v. *Hudson*, 226 Ark. 673, 292 S. W. 2d 252. Nor can it be said that the contract is deficient in meeting the formal requirments of the Act.

The most serious contention for reversal advanced by the appellant is that the contract is invalid because no specific appropriation was ever made by the quorum court authorizing the expenditure of any county funds for the appraisal services. We do not agree with this contention. The Act provides, *inter alia, that*: ''The county court shall be authorized to allow claims for services * * * to be paid from the general fund of the county.'' Thus, payment from a specific appropriation by the quorum court is not required. Under the plain provisions of the Act the legislature directed that the county court could allow payment for the appraisal services from the county general fund. To hold otherwise would, in effect, subordinate the authority of the legislature to the action or nonaction of the county quorum court. This would nullify the clear provision of the statute. *Jeffery* v. *Trevathan*, 215 Ark. 311, 220 S. W. 2d 412.

We have carefully considered every assignment of error urged by the appellant and find none with merit.

The decree is affirmed.