Harley B. LEWIS *v.* Coolidge CONLEE, Mayor, and CITY COUNCIL of Forrest City, Arkansas

75-99                                         529 S.W. 2d 132

Opinion delivered October 27, 1975
[Rehearing denied November 24, 1975.]

*Killough & Ford*, for appellant.

*Knox Kinney*, for appellee.

CARLETON HARRIS, Chief Justice. On August 17, 1948, the City Council of Forrest City passed Ordinance No. 611, entitled, "An Ordinance fixing the time for the filing of referendum petitions as provided for by Amendment No. 7 to the Constitution of the State of Arkansas, and for regulating the procedure thereon." Pertinent provisions of the Ordinance read as follows:

"SECTION 1. All referendum petitions under Amendment No. 7 to the Constitution of the State of Arkansas must be filed with the City Clerk within thirty days after the passage of the measure upon which the referendum is sought. ***

"SECTION 3. If the City Council finds that such petition is signed by the requisite number of petitioners, it shall order a special election to determine by a vote of the qualified electors whether the ordinance shall stand or be revoked. The date for such election shall be not less than ten days after the order therefor has been made by the Council, and said election shall be had and conducted as general municipal elections held in the City of Forrest City."

Further provisions require that any ordinance referred to the people and defeated shall be expunged from City Council records. An emergency clause is also attached.

On October 4, 1949, the City Council passed Ordinance No. 634, entitled, "An Ordinance to create a Board of Civil Service Commissioners of the City of Forrest City, Arkansas, to prescribe the manner of conducting trials by the Civil Service Commission, providing a right of appeal, and for other purposes."

On January 7, 1975, the Council again passed an ordinance, being Ordinance No. 1340, entitled, "An Ordinance to repeal the Civil Service Commission; to provide for appointment of the Chief of Police and Fire Chief, to provide redress of grievances; and for other purposes."

Appellant, Harley B. Lewis, Secretary of the Civil Ser-

vice Commission of Forrest City, along with other qualified electors of the City, prepared, circulated, and filed a petition protesting the passage of the Ordinance and petitioning that the Ordinance be referred to the electors of the City as provided by law. This petition was filed with the City Clerk on January 20, 1975, who found that the petition was sufficient, a requisite number of petitioners having signed, for referral. Thereafter, at its regularly scheduled meeting on February 4, 1975, the Council, recognizing the sufficiency of the petitions, passed Resolution No. 321, referring Ordinance No. 1340 to the next regular general election to be held on November 2, 1976.

Thereafter, Lewis, as Secretary of the Civil Service Commission, instituted suit in the Circuit Court of St. Francis County, seeking a writ of mandamus, and following a show cause order to the Council, a hearing was conducted on February 27, 1975, and the court entered its order dismissing the complaint with prejudice. From this judgment, appellant brings this appeal. For reversal, two points are relied upon to the effect that the court erred in holding that a writ of mandamus will not issue under the circumstances, and that the court erred in sustaining the appellee's arbitrary, capricious, and unreasonable application of the intent and purpose of Amendment No. 7 to the Constitution of the State of Arkansas by setting the election date twenty-one months from the date of the order. Since these are related points, we discuss them together.

Ordinance No. 1340 first repeals Ordinance No. 634, which sets up the Civil Service Commission and thereafter provides that the Chief of Police and Fire Chief shall be appointed by the Mayor, subject to approval by the City Council, and that these police and fire officials, respectively, have sole authority to establish ranks within the departments, and hire and fire personnel therein; that any person aggrieved shall have the right to request a hearing before the City Council, whereupon the Council shall forthwith set a hearing upon said matter at a subsequent meeting of the Council.

In dismissing the complaint, the trial court made, *inter alia*, the following findings:

"6.   That Amendment No. 7 of the Constitution of the State of Arkansas provides that if the referendum power is invoked as to any measure passed by a city or town council, such city or town council may order election upon said referendum at either regular or special election; that Ordinance No. 611 of the City of Forrest City provides that the date for such election be not less than ten (10) days after the order therefor has been made by the council; and the order therefor in this case has been made by the Council for a special date more than ten days after such order.

"7.   That the specific date for setting of such election is a matter of legislative discretion, which has been exercised by the City Council in this case; a Writ of Mandamus will not issue to control a public officer or legislative body in a discretionary act."

Pertinent provisions of Amendment No. 7 provide:

"Municipalities may provide for the exercise of the initiative and referendum as to their local legislation. ***

"All measures initiated by the people, whether for the State, county, city or town, shall be submitted only at the regular elections, either State, congressional or municipal, but referendum petitions may be referred to the people at special elections to be called by the proper official, and such special elections shall be called when fifteen per cent of the legal voters shall petition for such special election, and if the referendum is invoked as to any measure passed by a city or town council, such city or town council may order a special election."

We are of the opinion that the court erred in not granting the petition for writ of mandamus. It is very true, as pointed out by the learned circuit judge, that the matter of setting a date for the election is normally a matter of legislative discretion — but only to a degree. In the present instance, it would appear that the date set would, in effect, nullify the intent of Amendment No. 7, and the intent of Or-

dinance No. 611, which was passed by the Council, pursuant to the provisions of Amendment No. 7.[1]

Appellees depend upon the fact that Ordinance No. 611, though providing that a special election shall not be less than ten days after the order therefor has been made by the Council, makes no requirement that such election shall be set at any particular time thereafter. This is true, but we are confident that the electors, in passing Amendment No. 7, had in mind that controversial legislation should be acted upon by the voters within a reasonable time. In the case of *Cochran, Mayor* v. *Black*, 240 Ark. 393, 400 S.W. 2d 280, this court succinctly stated our views on Amendment No. 7, as follows:

> "We are firmly committed to a liberal construction of constitutional Amendment No. 7, bearing in mind the purpose of its adoption and the object it sought to accomplish. This amendment provides a necessary and potent protection against ill-advised, oppressive or improvident legislative functions, and actions of the electors thereunder, in attempting to obtain relief, *should not be thwarted by strict or technical construction.* [Our emphasis.] We are neither authorized nor remotely inclined to disturb the proper application of this wholesome constitutional reservation of power to the people."

Here, to say that the Council acted properly in setting the referendum election twenty-one months after the request for a referendum, would be to say that the Council could thwart, by strict or technical construction of Amendment No. 7, the relief sought by appellants. Actually, if the Council has the authority to set an election twenty-one months away (which *technically* speaking, might be true), it has the authority to set such election three or more years away. Can it really be said that the date set by the Council is within the spirit of the framers of Amendment No. 7? Was it not their intent to provide a remedy for dissatisfied citizens within an appropriate time period? We think these questions can only be answered in the affirmative, but the action of the City Council does not afford affirmative relief.

---

[1]The question of whether a special election can be set at the time of the general election is not at issue in this case, the only question being the time period involved.

Let it be borne in mind that Ordinance No. 611, passed back in 1948, was still in effect at the time the petitions were circulated, and certainly appellants had every right to rely on that Ordinance in seeking a referendum. Appellees argue that the City Council had full authority to repeal Ordinance No. 611 and though they say it was complied with, it is also implied in their brief that this Ordinance may well have been repealed by Resolution No. 321 which set the referendum election at the time of the next general election on November 2, 1976. Such an argument can be of no aid to appellees for several reasons, but one reason is amply sufficient. The Resolution was not even passed until after appellants, in reliance upon Ordinance No. 611, had filed their petition. In other words, when the petition was filed, unquestionably Ordinance No. 611 was the pertinent law to follow. Certainly, when one is acting in good faith in following the current city statute, he is not to be penalized. For that matter, the trial court recognized the validity of the Ordinance which is reflected from the court's findings, already quoted. And, it will be observed that the decision was rendered on the basis of the fact that the Council set the election more than ten days after its order (as provided by 611), and the matter of setting the date (in the trial court's opinion) was a matter of legislative discretion.

The principal argument advanced by appellees is that mandamus will not lie to control a public official in a discretionary act. However, as already pointed out, such discretion is not unlimited, and cannot be used to, in effect, do away with the right granted by Amendment No. 7. This court so held in the case of *Kirkwood* v. *Carter, County Judge,* 252 Ark. 1124, 482 S.W. 2d 608, where we said that the purpose of a writ of mandamus is not to establish legal rights or measure the discretion of public officials, but to enforce a right after it is already established, or to enforce the performance of a duty. There, the question concerned the duty of the County Board of Election Commissioners to determine the number of voting precincts in the county where as many as 300 votes were cast, and to start and continue good faith negotiations for the purchase of voting machines. We said:

"It is definitely suggested by the overall record in

this case, that the Faulkner County Board of Election Commissioners simply did not agree with the electorate of Faulkner County as to the wisdom of spending tax money for voting machines. The record indicates that instead of 'proceeding in an orderly and businesslike manner toward finding ways and means of carrying out the duties of their office under the law and the mandate of the people, the Commissioners did just the opposite by seeking ways and means of avoiding the performances of their duties under Act 465 and under the mandate of the people of Faulkner County. ***

The trial court simply ordered the members of the Board of Election Commissioners to initiate and file a plan to purchase or lease-purchase voting machines and showing the number of voting machines to be purchased or lease-purchased. There were no duties to be performed by the county judge in connection with the purchase of the voting machines when the petition for the writ of mandamus was filed in this case, and the hearing was conducted thereon, so the trial court was correct in sustaining the demurrer. We are of the opinion that the trial court's order directing the members of the Board of Election Commissioners to initiate and file a plan for the purchase of voting machines means, and should have recited, that they shall do so forthwith." [Our emphasis.]

We held the writ proper but added that the Commissioners [should] "start the performance of their duties thereunder forthwith, and continue such performance in good faith until their statutory duties are fully performed."

It is apparent that in *Kirkwood* this court considered that the Board was "dragging its feet" and that it was seeking ways and means of avoiding performance of its duties. The setting of a date for the referendum twenty-one months away is so unusual as to suggest that the Council simply desired to delay a vote by the people on the question of whether the Forrest City Civil Service Commission should be abolished. It is our view that the affirmance of this judgment would completely frustrate the intent of the people in passing Amend-

ment No. 7, as it applies to referendums. Our statement in *Arkansas Gazette Co.* v. *Pickens*, 258 Ark. 69, 522 S.W. 2d 350 (1975), is here entirely *apropos*, "Statutes enacted for the public benefit should be interpreted most favorably to the public."

For the reasons herein set forth, the judgment is reversed and the cause remanded with directions to the St. Francis County Circuit Court (First Judicial Circuit) to issue its writ directing the City Council of Forrest City to set the referendum election, involved herein, within a reasonably prompt period of time.

It is so ordered.