Ivan QUATTLEBAUM et al *v.*
W. L. "Bill" DAVIS, as County
Judge et al

79-61                                              579 S.W. 2d 599

Opinion delivered April 23, 1979
(Division I)

*Lessenberry & Carpenter,* for appellants.

**Robert Edwards,** Pros. Atty., for appellees.

JOHN I. PURTLE, Justice. On September 12, 1978, the White County Equalization Board contracted with the Miller-Edmiaston Appraisal Company for appraisal of the property in White County. September 29, 1978, the White County Quorum Court approved Ordinance No. 50 authorizing payment of the fees charged by the contractor for the appraisal of the property. On December 27, 1978, the appellants, representing a large number of taxpayers, filed a referendum petition. They sought to have Ordinance No. 50 referred to the voters of White County for approval or disapproval. The county court refused to call a special election for the reason, among others, that the petition did not specifically ask for a special election. A mandamus action was then filed in the circuit court against the county judge and election commission seeking to have a special election held.

On February 2, 1979, the Petition for Writ of Mandamus was presented to the circuit court. The court dismissed the county election commissioners as not being proper parties to the action. The court further refused to grant the writ as to the county judge for the following reasons: (a) The petition did not request a special election; (b) the failure to request a special election vested jurisdiction with the county court to determine the necessity for calling a special election; and, (c) the county court acted within its discretion in determining that there was no need for a special election.

ON APPEAL APPELLANTS CONTEND THAT THE TRIAL COURT ERRED IN REFUSING TO GRANT THE MANDAMUS ORDERING THE SPECIAL ELECTION ON ORDINANCE NO. 50.

Amendment 7 to the Constitution for the State of Arkansas provides that the people may refer an ordinance to the people for an election upon obtaining the signatures of 15% of the votes cast in the last election for circuit clerk in the county where the election is sought to be held. It provides that a petition for referendum may be filed from 30 to 90 days after the passage of the ordinance. Amendment 7 specifically states

that a special election may be requested upon the timely filing of the requisite number of signatures with the county election board.

Ark. Stat. Ann. § 84-706 (Repl. 1960) reads as follows:

. . .

Each year the board shall, beginning the first day of August, and if deemed necessary, through the first day of September, but not thereafter except when convened in special session, which meeting in special session shall not last beyond the first day of October, except in those counties wherein the assessed value of real and personal property has been found by the assessment coordination department to be below the percentum of true or fair market value as required by law such special session may continue until, but not later than, the third Monday in November of each year, exercise its functions as a board of equalization to equalize the assessed value of all acreage lands, city and town lots, other real property and personal property subject to local assessment, regardless of the year in which such property was last assessed by the local assessor.

. . .

Ark. Stat. Ann. § 84-717 (Repl. 1960) provides as follows:

The Equalization Board of any county, on petition of the County Judge, or on its own motion, shall, at any time after adjournment of its regular meeting and before the first Monday in October next following such adjournment, convene in special session for the purpose (1) of completing its work of equalization of property assessments or (2) for the purpose of reviewing or extending its work of equalization of property assessments; and, for that purpose, said board shall be vested and charged with all the powers and duties with which such board is vested and charged when meeting in regular session and, in addition, said board shall be empowered to employ qualified appraisers, abstractors

or other persons needed, to appraise properties which the board may need in the discharge of its duties.

The petition of said Equalization Board shall specify the date on which the board shall convene and such board may thereafter exercise its functions but not later than the third Monday in November next following.

Ark. Stat. Ann. § 84-718 (Repl. 1960) allows appeals to be taken from the action of the board of equalization within 10 days of notice, by the taxpayer, and further provides that it shall be held not later than 45 days prior to the date on which the tax books for the year are required to be delivered to the county clerk.

Ark. Stat. Ann. § 84-719 (Repl. 1960) reads as follows:

The expense of any special session of the County Equalization Board, including the expense for employment of appraisers, abstractors and other persons needed, shall be allowed and paid from the general fund of the county. Provided, however, that the general fund of the county shall be reimbursed by transfer to it from the funds of the respective taxing units of the county, and the amount to be contributed by each such taxing unit shall be in the proportion that the total of such ad valorem taxes collected for the benefit of each such taxing unit bears to the total of such ad valorem taxes collected for the benefit of all such taxing units during collection period next following such special session.

Ark. Stat. Ann. § 84-721 (Repl. 1960) allows special sessions by the board of equalization and authorizes the board to employ appraisers and others as needed to appraise the property.

Ark. Stat. Ann. § 84-722 (Repl. 1960) provides expenses incurred by the county equalization board, including the expenses for appraisers, shall be allowed and paid from the general fund of the county. The statute allows the county fund to be reimbursed by the respective taxing units within the county in proportion to the benefits derived.

Ark. Stat. Ann. § 17-4011 (Supp. 1977) makes provisions for initiative and referendum elections on matters concerning county government. This statute complies with the general provisions of Amendment 7 to the Constitution of the State of Arkansas. § 13 (b) of Ark. Stat. Ann. § 17-4011 (Supp. 1977), Act 1977, Number 742, provides that a referendum petition may be submitted to the electors during a general election, or it may be referred to the electors at a special election called for the expressed purpose proposed by the petition. The statute then provides that the county court and the quorum court have the discretionary powers to call special elections on county ordinances in the event the voters themselves do not see fit to do so.

The appellants candidly admit that their petition did not request a special election, thus they fail to abide by the plain and unambiguous wording of the constitution and laws. We recognize that due to the time element involved that appellants really had in mind calling for a special referendum. However, we are not authorized to change the petition for them. Also, we agree that a liberal construction should be applied to the amendment and laws above-stated. In doing so, however, the courts are not authorized to completely ignore the plain words of the statutes as enacted by the General Assembly.

The powers granted to the county equalization board under Ark. Stat. Ann. § 84-706, et seq, plainly gave the board the right to employ appraisers and further states payment *shall* be from the county general fund, which shall be reimbursed by the respective taxing units. We do not have the contract before us. It has not been made a part of the record, nor abstracted, and we are therefore unable to treat it as other than a valid contract. In that case, it appears the General Assembly has mandated payment from the county funds and neither the quorum court nor the county court would have any discretion in whether the expenses should be paid.

When mandated by the General Assembly, no appropriation by the county is necessary. *Green* v. *Shell*, 239 Ark. 1161, 397 S.W. 2d 363 (1965). As we view Ark. Stat. Ann. §

84-719 the expense of the appraisers in this case must be paid by the county and regardless of the results of a referendum this would be true.

We recognize the natural conflict which has arisen in this matter. On the one hand, the people of White County are faced with the loss of state turn-back funds because the assessment of property in the county has been determined by an agency of the state to be inadequate to meet the requirements of the law. On the other hand, the electors are faced with the possibility of increased taxes at a time when the cost of living is ever increasing. The appellants have taken the course believed to be the least detrimental to them in the long run. However, the county judge and the quorum court and, no doubt, the board of equalization have made decisions which they believe are in the best interest of the people of White County. Therefore, the matter has been brought to a head in this proceeding. It is our duty to resolve this situation in accordance with the law and precedent as we understand them to be.

There seems to be no question but that the petition was timely filed and contained the requisite number of signatures and otherwise met all of the requirements except the request for a special election. Appellants rely on *Lewis v. Conlee, Mayor,* 258 Ark. 715, 529 S.W. 2d 132 (1975), as authority for requiring a local government to conduct a special election when the prerequisites for a referendum are met by the voters. We do not agree that this case stands for the proposition that any time the requisite number of signatures are obtained, in a timely manner, a measure must be referred to a special election. In *Conlee* the city had enacted an ordinance stating that a special election on a referred matter would be held at a period not less than 10 days after filing of the petitions. When the city government attempted to postpone the election for a period of almost two years, we held it was an abuse of their discretion and required a special election to be held. Since the ordinance in *Conlee* set no upper time limit on the holding of the special referendum, we held that to postpone such election for 21 months was a violation of Amendment 7.

We agree with the trial court that the matter of calling a special election, if not exercised by the electors, rests in the discretion of the county court and/or the quorum court, either of which may determine the necessity of calling a special election. The reasons set forth in the testimony of the county judge clearly establish the court was acting within its discretion in refusing to call a special election on his own volition. The same reasons would apply to the quorum court. Appellants also rely on *Kirkwood* v. *Carter, County Judge,* 252 Ark. 1124, 482 S.W. 2d 608 (1972), as grounds to support their request for the special election. In *Kirkwood* the electors of Faulkner County had dictated that the county purchase electronic voting machines for all precincts in the county where as many as 300 votes were cast. Although the suit in *Kirkwood* was in the nature of a Petition for Writ of Mandamus against the county judge and county board of election commissioners, it was not for the purpose of compelling them to hold an election. Rather it was for the purpose of requiring them to abide by the results of an election already held. *Cochran, Mayor* v. *Black,* 240 Ark. 393, 400 S.W. 2d 280 (1966), involved an initiated ordinance rather than a referendum. The court in *Cochran* attempted to continue the election until a date beyond the general election. Again, we do not feel that this initiated act i. in point with the attempted referendum. Indeed, Amendment 7 to the Constitution required such elections to be held in the next general election and it was not within the power of the court to extend it beyond that time. In the case of *City of North Little Rock* v. *Gorman,* 264 Ark. 150, 568 S.W. 2d 481 (1978), we considered two cases involving the city ordinances of North Little Rock. One case was filed in chancery court and the other in circuit court. We had no trouble in determining that the chancery court did not have jurisdiction in this matter. *Nethercutt* v. *Pulaski County School District,* 248 Ark. 143, 450 S.W. 2d 777 (1970). The second case dealt with whether or not the subject matter of the ordinance sought to be referred was a matter subject to referendum action. Therefore, the matter of a special election as such was not before the court.

Although we agree that the provisions of Amendment 7 and Acts of 1977, No. 742, should be construed liberally, we feel this contract is controlled by the specific provisions of Ark. Stat. Ann. §§ 84-706 — 717 — 719. Therefore, since the

General Assembly has authorized this action by the board of equalization and mandated payment from the general fund of the county, a special election would not have any effect on the contract here in question. For these reasons, we agree that in this particular case a special election should have been specifically requested even though if successful it would not have changed the effect of the contract made by the board of equalization.

Affirmed.

We agree. HARRIS, C.J., and GEORGE ROSE SMITH and BYRD, JJ.