The Honorable Dan Harmon Prosecuting Attorney Seventh Judicial District 217 West Conway P.O. Drawer 999 Benton, Arkansas 72015
Dear Mr. Harmon:
This is in response to your request for an opinion on three questions concerning the method of selecting aldermen in cities of the first class. You cite several provisions of law in your request, including A.C.A. §§ 14-43-307,[1] 14-55-301, and Amendment 7 to the Arkansas Constitution. You have three separate questions, which are as follows:
 1. Can a city council of a first class city refer three separate ordinances to be on the ballot at the same time which would be essentially the following:
 a. For or against the election of aldermen by ward only;
 b. For or against the election of aldermen by the at large method;
 c. For or against the election of aldermen by the combination method?
 2. If all three may be placed on the ballot at the same time and none of the three receive a majority, would the city council have to decide the method or would the method to be used be the at-large method in accordance with A.C.A. § 14-43-307?
 3. Since Amendment 7 says that the city council `may' call a special election, can the city council refer the ordinance or ordinances and place them on the November 1992 general ballot?
It is my opinion that the answer to your first question appears to be "yes." The answer to your second question is that the method of election would be the method that received the highest number of affirmative votes at the election. And the answer to your third question is, generally, "yes."
Relevant to your first question is A.C.A. § 14-55-301 which provides that the city council of any municipality, by majority vote of its members, may refer any proposed ordinance to the people. This section also provides for the referral of any ordinance adopted by the city council by a two-thirds vote of the council. The statute also provides that these actions by the council shall constitute a "referral" to the voters under Amendment 7, and thereafter, the procedures shall be as required by that Amendment.
You do not state whether these "ordinances" would actually be adopted by the council and then referred, or whether they would simply be "proposed" ordinances which would be referred to the people. I can find no prohibition in state law which would preclude the submission of conflicting measures to the people whether they be actually adopted or simply proposed ordinances. There appears to be no prohibition against a city council adopting conflicting ordinances, although an intentional action in this regard would be unorthodox, to say the least. Additionally, there appears to be no restriction in A.C.A. §14-55-301 as to how many such ordinances, whether proposed or adopted, can be referred at any one election.
It is therefore my opinion that there is no prohibition against the three questions you have noted being presented for a vote of the people at the same election.
Your second question concerns the vote received for each option at the election. Your question is what happens if none of the options receives a majority. You ask whether the city council would decide the appropriate method, or whether the method would be the at-large method, in accordance with A.C.A. § 14-43-307. It is my opinion, according to Amendment 7, which has been made applicable to this referral by A.C.A. § 14-55-301 (c), that the method to be used in the event that no option receives a majority is the option which received the highest number of affirmative votes. Amendment 7 provides as follows:
 Conflicting Measures — If conflicting measures initiated or referred to the people shall be approved by a majority of the votes severally cast for and against the same at the same election, the one receiving the highest number of affirmative votes shall become law.
It is my opinion under this provision that if three conflicting measures are referred to the people, and more than one passes, yet not by a majority, the one receiving the highest number of affirmative votes becomes law.
Your third question is whether the measures may be referred and placed by the city council on the ballot at the general election in November 1992. It is my opinion that the answer to your question is generally "yes." Amendment 7, which again, is applicable by virtue of A.C.A. § 14-55-301 (c), provides that:
 All measures initiated by the people, whether for the State, county, city or town, shall be submitted only at the regular election, either State, congressional or municipal, but referendum petitions may be referred to the people at special elections to be called by the proper official, and such special elections shall be called when fifteen percent of the legal voters shall petition for such special election, and if the referendum is invoked as to any measure passed by a city or town council, such city or town council may order a special election. [Emphasis added.]
The language regarding the calling of a special election is permissive rather than mandatory. See Chrisco v. SunIndustries, Inc., 304 Ark. 227, 800 S.W.2d 717 (1990). The city council "may" call a special election but is not generally required to. See generally Quattlebaum v. Davis,265 Ark. 588, 579 S.W.2d 599 (1979). In at least one instance, however, it was held that the failure to hold a special election where the general election was twenty-one months away violated the intent of Amendment 7. Lewis v. Conlee, 258 Ark. 715, 529 S.W.2d 132
(1975). It is my opinion, however, that the basis of objection inLewis would not be applied by a court to the facts you have described.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana L. Cunningham.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh
[1] This statute provides that candidates for the office of alderman in cities of the first class shall reside in their respective wards but run at large. The statute also states, however, that the city council may provide by ordinance for the ward-only method, or for a combination method. A.C.A. §14-43-307(b)(1)(A) and (B)(i) and (b)(1)(B)(ii).