The Honorable Bobby G. Wood State Representative 2806 Harrisburg Road Jonesboro, AR 72401-8789
Dear Representative Wood:
This is in response to your request for an opinion on the following questions:
 1. If a city or county library wishes to ask the voters of its taxing district to support a tax increase, can they put the date of the election in their petition for that increase?
 2. How long can the library hold petitions if no dates are put in the petition form?
 3. If the petition form does not specify a date for the election, how long must the library wait before the city or county calls the election?
I am somewhat uncertain as to the focus of your first question. If you are asking whether the petitioners may fix the date of the election, it is my opinion that the answer is "no." It may reasonably be concluded from a reading of the recently enacted "City and County Library Amendment" to the Arkansas Constitution that the mayor or the county court is responsible for calling the election. See Amendment Number 3, enacted at the 1992 general election, Sections 2 and 5. I cannot conclude that the petitioners have authority to set a special election date for a library tax increase.
Of course, if the election date has been set by the proper officials, the answer is "yes." It should be noted, however, that placing the election date on the petition will in all likelihood be impossible because the date will ordinarily not have been set prior to the filing of the petition. The Amendment states in relevant part that a general or special election shall be held whenever 100 or more taxpaying electors of any city or county shall file a petition with the mayor or county court, respectively, asking that the library tax in force be raised.Id. The Amendment states that "[s]uch petition must be filed at least thirty days prior to the election at which it will be submitted to the voters." While this language might at first glance suggest that the election date will have been set prior to the filing of a petition, there is no separate requirement or procedure to this effect. The responsible officials would not be in a position to know when or if a petition was going to be filed, and thus would have no reason to set an election. It is my opinion that this language must, instead, be construed to mean that the election cannot be set any earlier than thirty days after the petition is filed. This will allow for notice to the electors.
In response to your second question, there appears to be no established limitation on the period of time that petitions may be held. Again, however, practical considerations may come into play. The petition must be filed by "tax paying electors" of the city or county. Any change in status of petitioners between the time they signed the petition and the actual filing could conceivably affect their eligibility, and ultimately the validity of the petition. Thus, the length of time that the petitions are held prior to filing may or may not have a practical impact, depending upon the particular facts.
Your third question is not addressed by the constitutional amendment, nor has my research yielded a specific time frame in this regard. Some guidance is found, however, in the Arkansas Supreme Court's approach to Amendment 7 to the Arkansas Constitution, and elections called thereunder. The court inLewis v. Conlee, Mayor, 258 Ark. 715, 529 S.W.2d 132 (1975), held that the date set for a referendum election on a local ordinance would, in effect, nullify the intent of Amendment 7 and the intent of a local measure passed pursuant to Amendment 7 which further addressed the referendum process.258 Ark. at 718-719. The local measure stated that the date for a special election on a referendum shall not be less than ten days after the city council's order for the election. It did not, however, require that the election be set at any particular time thereafter.
The council in Conlee set the special election date twenty-one months from the date of the order calling for an election. It was successfully contended that this was contrary to the intent and purpose of Amendment 7. The court noted that the city council "technically speaking" might have the authority to set the election twenty-one months away (id. at 719), but that the council's apparent discretion under the local measure ". . . cannot be used to, in effect, do away with the right granted by Amendment 7." Id. at 720. According to the court, the electors, in passing Amendment 7, "had in mind that controversial legislation should be acted upon by the voters within a reasonable time." Id. at 719. The court cited a prior decision involving the duty of a county board of election commissioners in connection with establishing voting precincts and purchasing voting machines, noting that the commissioners were held to a "good faith" standard in the performance of their statutory duties. Id. at 721, citing Kirkwood v. Carter, County Judge,252 Ark. 1124, 482 S.W.2d 608 (1972). The court stated the following regarding the Kirkwood case:
 It is apparent that in Kirkwood this court considered that the Board was `dragging its feet' and that it was seeking ways and means of avoiding performance of its duties. The setting of a date for the referendum twenty-one months away is so unusual as to suggest that the Council simply desired to delay a vote by the people on the question of whether the Forrest City Civil Service Commission should be abolished. It is our view that the affirmance of this judgment would completely frustrate the intent of the people in passing Amendment No. 7, as it applies to referendums. Our statement in Arkansas Gazette Co. v. Pickens, 258 Ark. 69, 55 S.W.2d 350 (1975), is here entirely apropos, `Statutes enacted for the public benefit should be interpreted most favorably to the public.'
It is my opinion that a court would, similarly, impose a "good faith" standard under the City and County Library Amendment, and require that an election be called within a "reasonable time" from the filing of a petition. I cannot state precisely what the time frame can or should be. The responsible officials apparently have some discretion in this regard. It is clear, however, that the people cannot be frustrated in their efforts to have an election called under the Library Amendment. The Conlee case indicates that the action in setting the election will be scrutinized with an eye toward the reasonableness and appropriateness of the time period involved. This will, of course, require a case-by-case determination based upon the particular facts and circumstances in each instance.
While it is apparent that the factual nature of your third question precludes a conclusive response, the foregoing will hopefully offer general guidance in addressing the underlying issues.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh