The Honorable Bill Walters State Senator P.O. Box 280 Greenwood, Arkansas 72936
Dear Senator Walters:
This is in response to your request for an opinion, on behalf of a local television company, regarding the special election which was held in Fort Smith on January 25, 1994, and which concerned a proposal to ban smoking in public places in the city. With regard to this matter, you have asked whether the proposal, pursuant to Amendment 7 of the Arkansas Constitution, should have been submitted to the voters at a general election, rather than at a special election.
With regard to your question, it is my opinion that the answer will depend upon whether an initiative or a referendum was involved in placing the proposal before the voters. This information was not provided with your request, and in fact, it is my understanding that there is some confusion regarding this matter. Under these circumstances, a factual inquiry as to the manner in which the proposal was submitted to the voters is needed in order to determine whether a general, as opposed to a special, election should have been held. Since this office is not empowered to make such an inquiry, I will set forth the constitutional and statutory provisions relating to initiatives and referendums, and once it is determined which of these methods was invoked, you should be able to reach an answer to your question through application of these principles to the situation at issue.
First, with regard to referendums (in some statutes, such as A.C.A. 14-55-301, this will be called a "referral" to the people), reference must be made to A.C.A. 14-55-301 to -302 (1987), as well as to Amendment 7 of the Arkansas Constitution. Pursuant to A.C.A. 14-55-301(a) (1987), "[t]he city council or governing body of any municipality, by a majority vote of its members, may refer any proposed ordinance to the people for adoption or rejection." [Emphasis added.] Subparagraph (b) of the statute also provides that "[t]he city council, or governing body, may at the time of, or within thirty (30) days of, the adoption of any ordinance refer the ordinance to the electors for their acceptance or rejection by a two-thirds (2/3) vote of the members of the council." [Emphasis added.] Either of these actions by a city council or governing body of a municipality shall constitute a "referral" to the voters under Amendment 7, and thereafter, the procedures shall be as required by that amendment. A.C.A.14-55-301(c). The people also have the power to invoke a referendum on legislation passed by a municipality. In this regard, Amendment 7 provides that the "referendum powers of the people are . . . reserved to the local voters of each municipality . . . as to all local, special, and municipal legislation of every character in and for their respective municipalities. . . ." See also A.C.A. 14-55-302 (stating "[a]ny ordinance enacted by the governing body of any city or town in the state may be referred to a vote of the electors of the city or town for approval or rejection in the manner and procedure prescribed in Arkansas Constitution, Amendment 7. . . "). A referendum may be invoked by the people when "[f]ifteen per cent of the legal voters of any municipality . . . may order the referendum. . . In municipalities the number of signatures required upon any petition shall be computed upon the total vote cast for the office of mayor at the last preceding general election." Ark. Const. amend. 7. See also A.C.A. 14-48-121(a) (b) (1987) (stating that initiative and referendum laws of this state are applicable to cities organized under the city administrator form of government and that the "number of signatures required upon any petition shall be computed upon the total vote cast for mayor at the preceding general election for mayor.") In municipalities, the time for filing a referendum petition shall be fixed at "not less than thirty days nor more than ninety days after the passage of such measure by a municipal council." See Ark. Const. amend. 7. As to the type of election required for a referendum, Amendment 7 provides the following:
 All measures initiated by the people, whether for the State, county, city or town, shall be submitted only at the regular elections, either State, congressional or municipal, but referendum petitions may be referred to the people at special elections to be called by the proper official, and such special elections shall be called when fifteen per cent of the legal voters shall petition for such special election, and if the referendum is invoked as to any measure passed by a city or town council, such city or town council may order a special election. [Emphasis added.]
The language regarding the calling of a special election is permissive rather than mandatory. See Chrisco v. Sun Industries, Inc., 304 Ark. 227, 800 S.W.2d 717 (1990). In those instances where the city council refers an ordinance to the voters (See A.C.A. 14-55-301(a) (b)), it has been held that the city council, pursuant to the provision of Amendment 7 set forth above, "may" call a special election but is not generally required to. See generally Quattlebaum v. Davis,265 Ark. 588, 579 S.W.2d 599 (1979). In at least one instance, however, it was held that the failure to hold a special election where the general election was twenty-one months away violated the intent of Amendment 7. Lewis v. Conlee, 258 Ark. 715,529 S.W.2d 132 (1975).
With regard to the procedures for initiatives, reference should be made to Amendment 7, wherein it states that "[f]ifteen per cent of the legal voters of any municipality . . . may . . . invoke the initiative upon any local measures. In municipalities the number of signatures required upon any petition shall be computed upon the total vote cast for the office of mayor at the last preceding general election." In municipalities, the time for filing an initiative petition "shall not be fixed at less than sixty days nor more than ninety days before the election at which it is to be voted upon." See Ark. Const. amend. 7. All measures initiated by the people shall be submitted only at regular or general elections. See provision of Amendment 7 set forth at the bottom of page 2 of this opinion.[1]
In light of the foregoing precepts, if the proposal to ban smoking in public places in Fort Smith was a measure initiated by the people according to the requirements in Amendment 7 (fifteen percent of the voters signed a petition, etc.), then the petition in all likelihood would have been in the nature of an initiative which is required to be submitted to the voters at a regular or general election. If, on the other hand, an ordinance providing for the ban on smoking was proposed or adopted by the city council or governing body of Fort Smith, and the council or governing body "referred" the ordinance to the voters according to A.C.A. 14-55-301(a) or (b), or if after passage of such an ordinance, the people, by obtaining the signatures of fifteen percent of the legal voters of the city according to Amendment 7, invoked the powers of referendum contained therein, then a special election would have been allowed.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Nancy A. Hall.
Sincerely, WINSTON BRYANT Attorney General
WB:cyh
[1] As for additional procedures relating to local petitions for initiatives and referendums, reference should be made to A.C.A. 7-9-104 to -106, 7-9-109, 7-9-120, and 7-9-122 (Repl. 1993), except as to any provision in conflict with Amendment 7. Any guidelines established by the particular municipality, in accordance with Amendment 7 to the Arkansas Constitution (see section entitled "Local petitions "), should also be considered.