The Honorable Vic Snyder State Senator 324 South Valmar Little Rock, AR 72205
Dear Senator Snyder:
This is in response to your request for an opinion regarding Pulaski County's obligation to pay a contract with a professional appraiser without an appropriation by the quorum court.
As I understand the facts that you have presented, the county contracted with a professional appraisal firm for a county-wide reappraisal, for the purpose of avoiding eventual non-compliance with the state's mandated ratio level. Work has begun under the contract. The Pulaski County Quorum Court has not passed an appropriation for payment of the contract, and the county treasurer proposes to pay the county's portion out of current tax collections, pursuant to A.C.A. § 26-27-311(c)(2). The other taxing jurisdictions have agreed to pay their portions in this manner as well.
You have posed the following specific question:
 Is Pulaski County obligated to pay the appraisers from the county general fund as required by A.C.A. § 26-17-311(c)(1), even without an appropriation by the quorum court?
It is my opinion that the answer to your question is "yes." Arkansas Code Annotated § 26-27-311(a)(1)(B) empowers county equalization boards to hire professional appraisers. In addition, § 26-27-311(c)(1) mandates that the expense for hiring appraisers be paid from the general fund of the county. Similarly, A.C.A. § 26-26-604 empowers county officials to enter into contracts with professional appraisers and mandates payment of such appraisers from the general fund of the county.
Moreover, under the Arkansas Supreme Court's unequivocal holdings inQuattlebaum v. Davis, 265 Ark. 588, 579 S.W.2d 599 (1979) and Green v.Shell, 239 Ark. 1161, 397 S.W.2d 363 (1965), the county is obligated to pay the appraisers, despite the absence of an appropriation for that purpose.
Although A.C.A. § 14-20-106 prohibits the making of contracts on behalf of counties if an appropriation has not previously been made for such contract, the Arkansas Supreme Court has repeatedly held this statute to be inapplicable to situations in which payment of the contractual obligation is mandated by the General Assembly. See, e.g., Mackey v.McDonald, 255 Ark. 978, 504 S.W.2d 726 (1974), and authorities cited therein.
Both Quattlebaum and Green, supra, are directly on point with the situation you have presented. In both cases, a county had contracted with professional appraisers without making an appropriation for the contract. Payment of the contractual obligation to the appraisers was challenged in both cases on the grounds that no appropriation had been made. In both instances, the Arkansas Supreme Court held that no appropriation was necessary, because (1) county officials were legislatively empowered to hire the appraisers; and (2) payment of the obligation to the appraisers was legislatively mandated.
Addressing this issue, the Green court stated:
 The Act [Acts 1949, No. 351, now A.C.A. § 26-26-604(b)(1)] provides, inter alia, that: "The county court shall be authorized to allow claims for services . . . to be paid from the general fund of the county." Thus, payment for a specific appropriation by the quorum court is not required. Under the plain provisions of the Act the legislature directed that the county court could allow payment for the appraisal services from the county general fund. To hold otherwise would, in effect, subordinate the authority of the legislature to the action or nonaction of the county quorum court. This would nullify the clear provision of the statute. Jeffery v. Trevanthan, 215 Ark. 311, 220 S.W.2d 412.
Green v. Shell, 239 Ark. 1161, 1162, 397 S.W.2d 363, 364 (1965).
Similarly, the Quattlebaum court, in addressing the issue, stated:
 The powers granted to the county equalization board under Ark. Stat. Ann. § 84-706, et seq. [now A.C.A. § 26-27-311], plainly gave the board the right to employ appraisers and further states payment shall be from the county general fund, which shall be reimbursed by the respective taxing units. . . .
 When mandated by the General Assembly, no appropriation by the county is necessary.
Quattlebaum v. Davis, 265 Ark. 588, 593, 579 S.W.2d 599, 601-602 (1979).
Based upon the foregoing authorities, it is my opinion that Pulaski County is obligated to pay the contractual obligation to the professional appraisal firm from the county general fund, even without an appropriation by the quorum court.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Suzanne Antley.
Sincerely,
WINSTON BRYANT Attorney General
WB:SA/cyh