The Honorable Ted Thomas State Representative, District 53 900 S. Shackleford, Suite 300 Little Rock, Arkansas 72211
Dear Representative Thomas:
This is in response to your request for an opinion regarding a county judge's authority to spend unappropriated funds. You have presented the following specific question:
 Does the County Judge have authority to spend funds which have not been appropriated by the Quorum Court for reassessment when ordered to do so by the Board of Equalization when reassessment is not mandated by state law?
You have not indicated exactly what the expenses in question are or what action on the part of the board of equalization you refer to in using the term "reassessment." Assuming that in using the term "reassessment," you are referring to an action that the board was authorized to take, it is my opinion that the answer to your question is "yes," if there is a legislative mandate for payment of those expenses. A similar conclusion was reached in Op. Att'y Gen. 94-386 (copy enclosed) recently issued by this office.
As noted in Opinion 94-386, under the Arkansas Supreme Court's holdings in Quattlebaum v. Davis, 265 Ark. 588, 579 S.W.2d 599 (1979) and Greenv. Shell, 239 Ark. 1161, 397 S.W.2d 363 (1965), the crucial questions are: (1) Whether the action in question is legislatively authorized; and (2) Whether payment of the expenses of that action have been legislatively mandated. If both questions can be answered affirmatively, the authorized county officials not only have the authority, but also the duty to pay those expenses, even in the absence of an appropriation by the quorum court.
In both Quattlebaum and Green, a county had contracted with professional appraisers in connection with the equalization process, without making an appropriation for the contract. Payment of the contractual obligation to the appraisers was challenged on the grounds that no appropriation had been made. In both instances, the Arkansas Supreme Court held that no appropriation was necessary, because (1) county officials were legislatively empowered to hire the appraisers; and (2) payment of the obligation to the appraisers was legislatively mandated.
Applying this standard to your question (after assuming that the board of equalization acted within its authority), it is necessary to consider the provisions of A.C.A. § 26-27-311(c)(1), which states:
 The expense of any special session of the board including the expense for employment of appraisers, abstractors, and other persons needed shall be allowed and paid from the general fund of the county.
Ark. Code Ann. § 26-27-311(c)(1) (Emphasis added).
If the board of equalization incurred the expenses in question as a result of an action taken in a special session, the above-referenced statutory provision mandates the payment of any expenses of that special session. The expenses of reassessment to which you have referred would clearly be included in such expenses. Therefore, under the holdings ofQuattlebaum and Green, no appropriation by the quorum court would be necessary to give county officials the authority to pay the expenses.
There is no similar provision mandating the payment of expenses incurred during the board's regular session. However, depending upon what the expenses are for, there may be other legislative mandates for the payment of those expenses, regardless of whether they were incurred during a special session of the board. If there are such legislative mandates, an appropriation, again, would not be necessary, and the judge would be obligated to pay the expenses.
The preceding opinion, which I hereby approve, was prepared by Assistant Attorney General Suzanne Antley.
Sincerely,
WINSTON BRYANT Attorney General
WB/SA:cyh