The Honorable Shane Broadway State Representative 201 S.E. 2nd Street Bryant, AR 72022-4025
Dear Representative Broadway:
This is in response to your request for an opinion on the following question:
 Can a petition Referendum Election duly set for August 10, 1999 be called off by reason of the fact that the issue in question has now been settled by the duly elected members of the City Council of Bryant, Arkansas?
According to my understanding, you wish to receive my opinion on this question despite the fact that the particular referendum election in issue was held on August 10, 1999, pursuant to the chancellor's order inPilot Corp. v. Bryant, Arkansas, et al. (Saline Co. Ch. Ct. #E99-712-1).[1] I will thus proceed to respond to the general question of whether a duly scheduled referendum election may be subsequently called off by reason of the fact that the issue in question has been settled. I will answer this question generally, without reference to the recent referendum vote in the City of Bryant, given the fact that your specific question concerning that particular election was rendered moot by the chancellor's ruling ordering the election.
It is my opinion that the answer to this question is in all likelihood "no," absent a judicial ruling calling off the election. According to my research, there is no established procedure for calling off a duly scheduled referendum election. The Arkansas Supreme Court has stated, with regard to a statewide referendum, that "once a petition for referendum bearing the prima facie requisite number of signatures is filed with the Secretary of State, the people's right of referendum commences pursuant to Amendment 7." Walker v. McCuen, 318 Ark. 508, 514,886 S.W.2d 577 (1994). I believe a similar rule applies in the case of a local petition for referendum. Amendment 7 to the Arkansas Constitution states that "special elections [called by referendum petitions] shall becalled when fifteen percent of the local voters shall petition for such special election. . . ." Ark. Const. amend. 7 ("GENERAL PROVISIONS"). I am aware of no authority for a city council to cancel such an election. A city council does have a degree of discretion in setting a date for the election. See Lewis v. Conlee, Mayor, 258 Ark. 715, 529 S.W.2d 132
(1975). But it seems clear that an effort to call off a duly scheduled election would be contrary to Amendment 7. Nor, in my opinion, is the local board of election commissioners vested with such authority. Such board, being a "ministerial entity" (State v. Craighead County Bd. ofElection Comm'rs, 300 Ark. 405, 410, 779 S.W.2d 169 (1989)), in my opinion lacks discretion in calling the election.
I have also considered the possibility that the petitioners could seek to cancel the election by, for instance, withdrawing signatures on the petition. However, according to my research, once the petition is filed and its sufficiency determined, there can be no withdrawal of signatures except upon a showing of fraud. As stated by the court:
 It may be that, after the signing of the petition, and before the expiration of the 30 days allowed for the filing thereof, any person who chose to do so could have insisted upon his signature being withdrawn therefrom; but where such petition was filed on time, and after its sufficiency was duly certified by the proper officer, any such signature could not be withdrawn as a matter of personal preference, nor without a sufficient showing that such signature had been fraudulently obtained. It then became a matter of public concern and part of the procedure necessary to invoke the referendum * * *." In other words, the petitioners did not lose control of the petition until thirty days after the passage of the resolution, and any signer who chose to do so could withdraw his signature therefrom, but if he did not do so before the thirty days expired he could not thereafter change his mind and withdraw his signature except upon a showing that it had been fraudulently obtained. The filing was then final[.]
Phillips v. Rothrock, 194 Ark. 945, 957, 110 S.W.2d 26 (1937).
In conclusion, therefore, due to the absence of any procedure or other evidence of authority for such action, it is my opinion that, generally, absent a court ruling, a duly scheduled referendum election cannot be called off.
Assistant Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:EAW/cyh
[1] It is my understanding that the referred ordinance was repealed at the August 10 election.